**GREEN CONSTRUCTION COMPANY, Plaintiff,**

v.

**The KANSAS POWER AND LIGHT COMPANY,**
Defendant–Counterclaimant,

v.

**SEABOARD SURETY COMPANY and Green Holdings, Inc., Counterclaim-Defendants.**

**Civ. A. No. 87–2070–S.**

United States District Court,
D. Kansas.

March 13, 1991.

Frank D. Menghini, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Dale R. Martin, Barokas & Martin, Seattle, Wash., Patrick E. Hartigan, Hartigan & Yanda, P.C., Kansas City, Mo., for Green Const. Co.

Frank B.W. McCollum, Spencer, Fane, Britt & Browne, Kansas City, Mo., John N. Badgerow, Spencer, Fane, Britt & Browne, Overland Park, Kan., for Kansas Power and Light Co.

Stephen J. Dennis, Kristin L. Altice, Kevin E. Glynn, Niewald, Waldeck & Brown, Overland Park, Kan., John P. Ahlers, Barokas & Martin, Seattle, Wash., for Seaboard Sur. Co. and Green Holdings, Inc.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on motion of defendant and counterclaimant Kansas Power and Light Company ("KPL") for an order allowing communication with the jurors in the above-captioned matter. In this case, the jury found for plaintiff Green Construction Company ("Green") on its breach of contract claim and awarded plaintiff "$222,312.56 plus accumulated interest." The jury further found against KPL on its counterclaim for breach of contract against plaintiff and against counterclaim-defendants Seaboard Surety Company ("Seaboard") and Green Holdings, Inc. ("Green Holdings").

KPL contends that the verdict rendered in favor of plaintiff was against the substantial weight of the evidence, and thus, it is likely, that outside influences affected the jury's deliberations and the ultimate verdict. Local Rule 123 specifically precludes communication with jurors in the absence of a court order. Local Rule 123 provides in relevant part:

(b) Under no circumstances except by order of the court granted upon *good cause shown* shall any party or any party's attorney or their agents or employees examine or interview any juror, either orally or in writing, nor shall any juror consenting to be interviewed, disclose any information with respect to the specific vote of any juror other than the juror being interviewed, or the deliberations of the jury. (Emphasis added).

Accordingly, under Local Rule 123, KPL must make a showing of "good cause" in order to obtain an order allowing communication with jurors. Policy considerations underlie Local Rule 123 and Rule 606(b) of

**740**

the Federal Rules of Evidence. These include protecting jurors from harassment and preserving the finality of judgments. *See McElroy v. Arkansas Log Homes, Inc.*, 1988 WL 131645 (D.Kan.1988). However, these policy considerations are balanced against the consideration that verdicts should be based upon accuracy and fairness. *See* 27 C. Wright & V. Gold, *Federal Practice and Procedure* § 6075, at 443. Thus, a juror's consideration of extraneous prejudicial information may constitute a compelling circumstance which would justify or constitute "good cause" to allow communication with the jurors. *McElroy, supra.*

Upon full consideration of the parties' allegations and affidavits, the court finds that there is simply no basis for this court to assume that the juror in question disregarded the court's charge to not discuss this case with others. While it may be conceivable that extraneous information could have come to the attention of the spouse of the juror, the court finds no evidence that any extraneous information was relayed to the juror. Thus, the court finds KPL's allegations are purely speculative. Moreover, this court will not "presume, without an affirmative showing, that the jur[or] failed to follow [its] instructions." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1310 (5th Cir.1977). Accordingly, the court finds KPL has failed to demonstrate good cause and will deny its motion for an order allowing communication with the jurors.

IT IS BY THE COURT THEREFORE ORDERED that Kansas Power and Light Company's motion for an order allowing communication with the jurors is hereby denied.