**UNITED STATES of America, Plaintiff,**

**v.**

**James F. STINER and Christine Louise Stiner, Defendants.**

**Nos. 90–20081–01, 90–20081–02.**

United States District Court,
D. Kansas.

May 2, 1991.

Robert S. Streepy, Asst. U.S. Atty., Topeka, Kan., for plaintiff.

William L. Roberts, Kansas City, Kan., and Robert W. Manske, Olathe, Kan., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on defendants' motion (Doc. 59) for judgment of acquittal, Fed.R.Crim.P. 29, or for a new trial, Fed.R.Crim.P. 33. The motion is denied.

On October 24, 1991, defendants James F. Stiner and Christine Louise Stiner were indicted on one count of tax evasion in violation of 26 U.S.C. § 7201, and defendant James F. Stiner was indicted on three counts of failure to file a tax return in violation of 26 U.S.C. § 7203. Commencing January 22, 1991, defendants' cases were tried to a jury. Defendants, having previously refused appointment of counsel, represented themselves at trial. On February 4, 1991, the jury returned verdicts of guilty against defendant James F. Stiner on all four counts and against defendant Christine Louise Stiner on the one count with which she was charged.

■ In considering a motion for judgment of acquittal pursuant to Fed.R. Crim.P. 29, we must:

> view the evidence in the light most favorable to the government and then determine whether there is sufficient evidence from which a jury might properly find the accused guilty beyond a reasonable doubt.... [We are permitted] to enter a judgment of acquittal only if the evidence is nonexistent or so meager that

no reasonable jury could find guilt beyond a reasonable doubt.

*United States v. White,* 673 F.2d 299, 301 (10th Cir.1982) (citations omitted); *United States v. Peveto,* 881 F.2d 844, 860 (10th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989). We must refrain from weighing conflicting evidence and from considering the credibility of witnesses, and determine whether the evidence, when viewed in the light most favorable to the government, establishes each element of the crime. *White,* 673 F.2d at 301–02. If so, we must not disturb the jury's verdict of guilty. *Id.* at 302.

■ In considering a motion for new trial, we have broad discretion which will not be disturbed on appeal absent plain abuse of that discretion. *United States v. Troutman,* 814 F.2d 1428, 1455 (10th Cir. 1987). The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. Fed.R. Crim.P. 33 provides that a court may grant a new trial "if required in the interest of justice." Additionally, any error which would require reversal on appeal is a sufficient basis for granting a new trial. 3 C. Wright, *Federal Practice and Procedure: Criminal* § 556 (2d ed. 1982). However, we disfavor new trials, *United States v. Gleeson,* 411 F.2d 1091 (10th Cir.1969), and exercise great caution in granting them. *U.S. v. Allen,* 554 F.2d 398 (10th Cir.), *cert. denied,* 434 U.S. 836, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977).

In the instant motion, defendants contend that they are entitled to judgment of acquittal or a new trial on three grounds. First, defendants contend that the court erred in denying their pre-trial motion for a continuance. Second, defendants contend that the court erred in denying them appointment of "co-counsel" to assist in the presentation of their cases. Finally, defendants contend that the court lacks jurisdiction to impose penalties upon them under the Paperwork Reduction Act, 44 U.S.C. §§ 3501–3520. We shall deal with each of defendant's contentions as presented.

Defendants' first contention of error allegedly committed by this court concerns

our denial of their pre-trial motion for a continuance of the trial. Prior to trial defendants sought a continuance, alleging that the government had denied them certain discovery and that as a result they were inadequately prepared for trial. We denied the motion and our reasoning is clearly reflected in the record. We believe that our ruling was correct and, accordingly, reaffirm it. Defendants are not entitled to judgment of acquittal or a new trial on this contention.

■ Defendants' second contention of error allegedly committed by this court concerns our refusal to appoint "co-counsel" to assist them in presenting their cases. Defendants assert that the refusal violated their rights to due process, equal protection of the laws, and assistance of counsel as guaranteed by the Constitution. We conclude that the refusal of the court to appoint "co-counsel" did not violate any rights afforded defendants by either the Constitution or Acts of Congress.

The Tenth Circuit has held that the Constitution does not guarantee a defendant the right to "hybrid representation," that is, assistance of co-counsel in the presentation of his or her case. *See United States v. Hill*, 526 F.2d 1019, 1024–25 (10th Cir. 1975). Title 28, United States Code, section 1654 states in the disjunctive that "parties may plead and conduct their own cases personally *or* by counsel...." *Id.* (emphasis supplied). Thus, it cannot be said that the Constitution or any Act of Congress confers upon defendants the right to "hybrid representation." Furthermore, we appointed standby counsel for each defendant. Standby counsel were present throughout all proceedings, and were constantly consulted by defendants during the trial. Defendants' rights to the assistance of counsel were amply satisfied in this case. Defendants are not entitled to judgment of acquittal or a new trial on this ground.

■ Finally, defendants contend that they are entitled to judgment of acquittal because this prosecution violates the Paperwork Reduction Act (PRA), 44 U.S.C. §§ 3501–3520. Defendants argue that, because the instruction booklets accompanying Internal Revenue Service (IRS) 1040 tax forms are "information collection requests" which do not display Office of Management and Budget (OMB) control numbers, section 3512 of the PRA prohibits the government from subjecting defendants to "any penalty" for failing to file tax returns. We conclude that the instruction booklets accompanying 1040 tax forms are not "information collection requests" and that the PRA does not provide defendants with grounds for judgment of acquittal.

The PRA requires that federal agencies submit all "information collection requests" to the Director of the OMB for review. 44 U.S.C. § 3507. "Typical information collection requests include tax forms, medicare forms, financial loan applications, job applications, questionnaires, compliance reports and tax or business records." *Dole v. United Steelworkers*, 494 U.S. 26, 110 S.Ct. 929, 933, 108 L.Ed.2d 23 (1990); *see also United States v. Collins*, 920 F.2d 619, 630 (10th Cir.1990). Once the OMB director approves the information collection requests he assigns it a control number. 44 U.S.C. § 3504.

Unless an information collection request has first been submitted to and approved by the Director of the OMB, the PRA forbids an agency from conducting or sponsoring the collection of information. 44 U.S.C. § 3507(a). Consequently, an agency cannot engage in the collection of information without first obtaining from the Director a control number which must be displayed upon the information collection request. 44 U.S.C. § 3507(f). Additionally, the PRA provides that:

no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director, or fails to state that such request is not subject to this chapter.

44 U.S.C. § 3512; *See United States v. Smith*, 866 F.2d 1092 (9th Cir.1989).

In this case, defendants concede that the actual tax return forms which were not filed—the IRS 1040 tax forms—displayed OMB control numbers as required by the PRA. *See Collins,* 920 F.2d at 630–31, nn. 12–13. However, as we have stated, defendants assert that the instruction booklets accompanying the IRS 1040 tax forms are also "information collection requests" and subject to the provisions of the PRA because the tax forms cannot be completed without reference to the booklets. Defendants argue, therefore, that because the 1040 tax form instruction booklets do not display OMB control numbers the government is prohibited from subjecting them to "any penalty" for failing to file tax returns. 44 U.S.C. § 3512.

We conclude that while the PRA mandates that 1040 tax forms display OMB control numbers, *Collins,* 920 F.2d at 630–31 nn. 12–13, this requirement does not extend to the instruction booklets because they, themselves, do not constitute "information collection requests" as defined by 44 U.S.C. § 3502(11). *United States v. Crocker,* 753 F.Supp. 1209, 1215 (D.Del. 1991). Section 3502(11) defines such a request as "a written report form, application form, schedule, questionnaire, reporting or recordkeeping requirement, or other similar method calling for the collection of information." *Id.* Not only do the booklets fail to appear on the list, but they do not fit into the catch-all category. Rather, the IRS requests all the information it seeks through the 1040 form itself, and the instruction booklets do not ask that any additional information be supplied. *Id.* at 1216.

In reviewing the PRA in *Dole* the Supreme Court concluded that most items in the statutory definition (section 3502) are "forms of communicating information to the party requesting that information," and held that the "reporting and recordkeeping requirement" category is limited to "only rules requiring information to be sent or made available to a federal agency, [and] not disclosure rules." *Id.,* 494 U.S. at ——, 110 S.Ct. at 935. In this context, we agree with the District of Delaware that IRS instruction booklets are neither "forms for communicating information" to the IRS nor "rules requiring information to be sent." *Crocker,* 753 F.Supp. at 1216. We conclude that the booklets are merely publications designed to assist taxpayers to complete tax forms and more easily comply with an "information collection request." On these grounds, we find defendants' argument that the IRS 1040 tax form instruction booklets are information collection requests and thus subject to the PRA to be unavailing.

Furthermore, we agree with the District of Delaware that classifying instruction booklets as "information collection requests" would not further any of the statutory purposes of the PRA as stated at 44 U.S.C. § 3501. *Id.* Including the instruction booklets under the PRA would not "minimize the Federal paperwork burden for individuals" under section 3501(1) since the tax forms themselves are already covered by the Act and individuals are already required to complete them. *Id.* Moreover, OMB reviews under the PRA are limited to "determining whether the collection of information by an agency is necessary for the proper performance of the functions of the agency." 44 U.S.C. § 3504(c)(2). Since the OMB has previously determined that 1040 forms are necessary for the IRS's functions and the instructions do not generate any additional information, no benefit would be gained from an OMB review of the instruction booklets. As the Supreme Court stated in *Dole,* if none of Congress' listed purposes for the PRA would be served by including an item under the Act's coverage, this is "strong evidence that Congress did not intend the Act to authorize OMB review" of the item. *Id.,* 494 U.S. at ——, 110 S.Ct. at 936.

For the foregoing reasons we conclude that the tax form 1040 instruction booklets are not themselves "information collection requests" that must display OMB control numbers. Consequently, section 3512 of the PRA does not provide grounds for granting defendants' motion.

In sum, none of the three grounds asserted by defendants in support of their

motion warrants either judgment of acquittal or a new trial.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for judgment of acquittal or new trial (Doc. 59) is denied.

Copies of this memorandum and order shall be mailed to counsel for the government and to the defendants, personally, at 14509 West 94th Terrace, Lenexa, Kansas 66215.

IT IS SO ORDERED.