RICHARD R. NULSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nulsen v. Commissioner
Docket No. 21381-90
United States Tax Court
T.C. Memo 1991-495; 1991 Tax Ct. Memo LEXIS 544; 62 T.C.M. (CCH) 915; T.C.M. (RIA) 91495; October 1, 1991, Filed *544 Richard R. Nulsen, pro se. Lisa M. Oshiro, for the respondent. DAWSON, Judge. PAJAK, Special Trial Judge. DAWSON; PAJAK
MEMORANDUM OPINION This case was assigned to Special Trial Judge John J. Pajak pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.) The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's Motion For Judgment on the Pleadings under Rule 120 and respondent's Motion for Damages (a penalty) under section 6673. Respondent determined a deficiency and additions to petitioner's Federal income tax as follows: Additions to Tax under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6654(a)
1987
$ 15,501.00
$ 3,875.22
$ 775.05
*
$ 837.00
*545 Petitioner resided in Redmond, Washington, when he filed his petition in this case. He did not file a Federal income tax return for 1987. Respondent determined, based upon information provided by petitioner's banks and brokerage houses, that petitioner failed to report his dividends, additional income, and net gain from the sale of assets as income on a Federal income tax return for the year in issue. Petitioner disputes respondent's determinations and, among other things, claims that, because no tax return was filed, the notice of deficiency was not valid. He also claims that he was not liable for any taxes and was not required to file a Federal income tax return. His arguments are groundless. If the Secretary or his delegate determines a deficiency in income tax, he is authorized to send a notice of deficiency by certified or registered mail to the taxpayer. Secs. 6211, 6212, and 7701(a)(11)(B); secs. 301.6211-1 and 301.6212-1, Proced. & Admin. Regs. A further contention of petitioner is that the "Notice of Deficiency fails to identify the name, position, or title of the specific individual making the determination." This is an incorrect contention. The notice of deficiency *546 in this case was issued by Robert E. Wenzel, Director, Internal Revenue Service Center at Ogden, Utah. Functions vested by statute in the Secretary or his delegate are delegated to, among others, the director of a regional service center. Sec. 301.7701-9(b), Proced. & Admin. Regs. If the director of a service center determines an income tax deficiency, he is authorized to issue a notice of deficiency. Sec. 301.6212-1, Proced. & Admin. Regs. That is what was done with respect to petitioner. A taxpayer has 90 days from the mailing of a notice of deficiency within which to file a petition with the Tax Court challenging the determined tax liability. Sec. 6213; sec. 301.6213-1, Proced. & Admin. Regs. This is the route petitioner chose to follow. We find that the notice of deficiency in this case complies with the applicable statutes, and we reject petitioner's contentions. Moreover, there is no procedure which permits a party to unilaterally withdraw a petition once filed. Dorl v. Commissioner, 57 T.C. 720, 722 (1972), affd. per curiam 507 F.2d 406 (2d Cir. 1974). Petitioner also claims that he is not liable for any addition because the instruction booklet for the Form *547 1040 does not have an Office of Management and Budget control number (OMB number) and that booklet is referred to by the Form 1040. He admits that the Form 1040 has an OMB number. Petitioner asserts that the instruction booklet is a necessary and integral part of completing Form 1040 and should be subject to the same requirements under the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. section 3516 (1991). This argument has been raised and rejected. See, e.g., United States v. Stiner, 765 F. Supp. 663, 666 (D. Kan. 1991); United States v. Crocker, 753 F. Supp. 1209, 1214-1216 (D. Del. 1991). In United States v. Crocker, supra at 1216, the District Court stated: The Supreme Court recently addressed the meaning of "information collection requests" under the PRA in Dole v. United Steelworkers of America, 494 U.S. 26, 110 S. Ct. 929, 108 L. Ed. 2d 23 (1990). The Court found that most items in the statutory definition are "forms for communicating information to the party requesting that information," and held that the "reporting and recordkeeping requirement" category is limited to "only rules requiring information to be sent or made available to a federal agency, *548 [and] not disclosure rules." Id. 110 S. Ct. at 935. IRS instruction booklets are neither "forms for communicating information" to the IRS nor "rules requiring information to be sent." They are simply publications designed to assist taxpayers to complete tax forms and more easily comply with an "information collection request."
Petitioner also claims that "the regulations made pursuant to Section 6012.26 U.S.C. do not display such a number as required." There is no such section. If what petitioner means is the regulations made pursuant to 26 U.S.C. section 6012, we must likewise reject this contention as meritless because the OMB has assigned numbers to the regulations under section 6012. Sec. 602.101(c), Statement of Procedural Rules; Beam v. Commissioner, T.C. Memo 1990-304. Petitioner also contends that because he does not have any foreign earned income, and because Form 2555 has the same OMB number as section 1.1-1, Income Tax Regs., he is not liable for any tax described in that regulation. This contention is strikingly similar to one we encountered in a recent case, Partos v. Commissioner, T.C. Memo 1991-408. In that case, the taxpayer confused the imposition *549 of Federal income tax, set forth in section 1 and section 1.1-1, Income Tax Regs., with the duty to file a return set forth in sections 6001, 6011, and 6012, together with their accompanying regulations. Here petitioner is as confused as the taxpayer in Partos v. Commissioner, supra.Compliance of sections 6001, 6011, 6012, and their accompanying regulations with the PRA has been addressed. See Beam v. Commissioner, supra.
Lastly, petitioner's contention that he is not a taxpayer and therefore not liable for income taxes is without merit. The short answer to his contention is that he is not exempt from Federal income tax. Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984). In his petition and at the hearing on respondent's motions, petitioner made tax protester arguments, including those we have discussed, that have been repeatedly rejected by this Court and others as inapplicable or without merit. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo 1987-225; Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). We see no need for further *550 discussion of these arguments. Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." We agree with respondent that petitioner's petition does not allege any justiciable error with respect to respondent's determinations in the notice of deficiency and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, respondent's motion for judgment on the pleadings will be granted and decision will be entered for respondent. We next consider respondent's motion for a penalty under section 6673. Section 6673(a)(1), as amended by section 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400 (applicable to positions taken after December 31, 1989, in proceedings pending on or commenced after such date), provides that: Whenever it appears to the Tax Court that -- *551 (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
We find that petitioner has instituted and maintained this action primarily for delay and that petitioner's position in this proceeding is frivolous and groundless. Accordingly, we will grant respondent's motion for a penalty, and in our decision we will require petitioner to pay to the United States a penalty of $ 7,500. An appropriate order and decision will be entered. Footnotes
*. 50 percent of the interest due on $ 15,501.00, which is the underpayment of tax due to negligence.↩