952 F.2d 1401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James F. STINER and Christine Louise Stiner, Defendants-Appellants.
 Nos. 91-3173, 91-3174.
 United States Court of Appeals, Tenth Circuit.
 Jan. 17, 1992.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants, James F. Stiner and his wife Christine L. Stiner, were convicted by a jury of income tax evasion in violation 26 U.S.C. § 7201 and 18 U.S.C. § 2. In addition, Mr. Stiner was convicted of three counts of failing to make income tax returns in violation of 26 U.S.C. § 7203. The Stiners raise seven issues on appeal. Because we find that the district court did not abuse its discretion in the conduct of this case and that none of the Stiners' legal arguments has merit, we affirm.
 
 
 3
 The Stiners urge the reversal of their convictions and sentences based on the following contentions:
 
 
 4
 (1) that they were denied effective assistance of counsel when the district court refused to allow them to defend themselves and also retain attorneys to act as "co-counsel" at trial;
 
 
 5
 (2) that the Paperwork Reduction Act prevents the district court from imposing a criminal penalty upon them;
 
 
 6
 (3) that the district court's refusal to grant a continuance for further discovery was prejudicial;
 
 
 7
 (4) that the district court's supplemental instruction to the jury regarding the scope of the evidence relating to Count I of the indictment was prejudicial;
 
 
 8
 (5) that the district court improperly excluded evidence;
 
 
 9
 (6) that evidence of their "actual tax liability" should have been admitted during the sentencing hearing; and
 
 
 10
 (7) that the district court improperly assessed costs against them. We review these issues in order.
 
 
 11
 The district court refused to allow the Stiners to retain an attorney or attorneys to act as their co-counsel during trial. The court explained that stand-by counsel, who had been appointed for each defendant, would be able to consult, assist and advise, but that stand-by counsel would not be able to offer objections or interrogate witnesses. Rec.Vol. IV at 16. The court ruled that if counsel were hired it would be expected that he or she would "function as your attorney and ... conduct the examination of witnesses, ... make legal arguments to the Court and ... make the legal objections." Id. at 18. When apprised of these strictures, both defendants elected to appear pro se. Id.
 
 
 12
 The Stiners argue that the district court's refusal to allow them to retain co-counsel denied them their Sixth Amendment right to a fair trial. The Stiners clearly had the right to represent themselves without the assistance of counsel. Faretta v. California, 422 U.S. 806, 834 (1975). However, there is no constitutional right to "hybrid representation"--that is, representation partly by oneself and partly by an attorney. United States v. Hill, 526 F.2d 1019, 1024 (10th Cir.1975) (collecting cases), cert. denied, 425 U.S. 940 (1976). While a trial judge may allow hybrid representation in appropriate cases, id., the trial judge did not abuse his discretion by refusing to do so in this case.
 
 
 13
 The Stiner's argument based on the Paperwork Reduction Act has been foreclosed by our recent opinion in United States v. Dawes, No. 91-3095, 1991 WL 263282, at * 4 (10th Cir. Dec. 17, 1991); see also United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir.1991).
 
 
 14
 The Stiners next argue that the district court erred in refusing to grant a continuance, thus prejudicing their ability to prepare and present their defense. "We review the district court's decision to deny a continuance for abuse of discretion and do not reverse unless we conclude that the denial was arbitrary or unreasonable and materially prejudiced the appellant[s]." United States v. West, 828 F.2d 1468, 1469 (10th Cir.1987). Several factors are relevant to this determination: the Stiners' diligence; the likelihood that, if the continuance were granted, the Stiners could uncover information vital to their defense; the inconvenience to the government, its witnesses and the court; the need asserted for the continuance and the resulting harm to the Stiners if their request for a continuance is denied. See id. at 1470. After applying these factors, we find that the Stiners have failed to show that the district court's denial of a continuance was unreasonable or that they were materially prejudiced by it.
 
 
 15
 The record shows that the Stiners were allowed to inspect government documents from at least December 10, 1990 in a conference room set aside for their use. Rec.Vol. II at 9-10. Despite having access to government files for at least six weeks before trial, the Stiners did not move for a continuance until four days before the trial was scheduled to begin. This court has found similar behavior insufficient to demonstrate diligence on the part of the party requesting a continuance. See United States v. Rivera, 900 F.2d 1462, 1475 (10th Cir.1990).
 
 
 16
 The basis for the Stiners' complaint regarding discovery seems to be the government's refusal to photocopy certain items requested. Fed.R.Crim.P. 16 does not require the government to copy documents provided during the course of discovery. In addition, there is no evidence that the documents the Stiners requested copies of were anything other than internal government memoranda, either irrelevant to the prosecution or not intended to be used at trial. The Stiners have not shown that with more time they could have more adequately investigated their case and prepared for trial.
 
 
 17
 With regard to the convenience factor, the government had called forty-four witnesses for whom a continuance would have represented great inconvenience.
 
 
 18
 Finally, and most important, the Stiners have not demonstrated that the lack of a continuance harmed them. They were allowed to examine all exhibits which were ultimately used at trial. The exhibits were organized by the government in file boxes and divided according to the witnesses who would be testifying about them. Rec.Vol. II at 9-10. The district court's denial of the motion for a continuance, therefore, was not an abuse of discretion.
 
 
 19
 The Stiners next argue that a supplemental instruction given to the jury acted to expand the scope of the indictment to their prejudice. When reviewing a claim of error based on jury instructions, this court "will consider from the jury's standpoint whether what the jury heard, even though not faultless, misled it in any way." United States v. Agnew, 931 F.2d 1397, 1410 (10th Cir.) (citing Durflinger v. Artiles, 727 F.2d 888, 895 (10th Cir.1984)), cert. denied, 112 S.Ct. 237 (1991). A judgment will be reversed only if, based on a review of the record as a whole, an error has been prejudicial. Street v. Parham, 929 F.2d 537, 539-40 (10th Cir.1991) (citations omitted). Our review of the supplemental instruction submitted here does not reveal such prejudice.
 
 The indictment charged that
 
 20
 [f]rom on or about the 7th day of November, 1986, and continuing thereafter until the 31st day of May, 1988, in the District of Kansas,
 
 
 21
 JAMES F. STINER and CHRISTINE LOUISE STINER,
 
 
 22
 defendants herein, residents of Lenexa, Kansas, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by JAMES F. STINER to the United States of America for the calendar years 1979, 1980, 1981, 1982, 1983, and 1984, in the amount of $4881.00 for 1979; $12,420.00 for 1980; $12,829.00 for 1981; $17,768.00 for 1982; $28,881.00 for 1983; and $17,394.00 for 1984, by failing to file individual income tax returns for JAMES F. STINER for the years 1979 through 1984; by closing bank accounts in the name of JAMES F. STINER at the Mission Bank, Capitol Federal Savings and Loan, and the Valley View State Bank, and withdrawing all of the funds from those accounts; by opening an account in the First National Bank of Shawnee in the name of J.C. and Associates, using an inactive taxpayer I.D. number; and by depositing some of the funds from the bank accounts in the name of JAMES F. STINER to accounts in the name of CHRISTINE L. STINER at Capitol Federal Savings and Loan and the First National Bank of Shawnee. In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.
 
 
 23
 During deliberation, the jury submitted the following question to the judge: "Are we to consider only evidence from November 26 to May--from November 26 to May '88 in relation to charge number 1?" Rec.Vol. VIII at 1382. The judge responded: "Members of the jury, you may consider any evidence admitted in the case as it relates to the charges contained in Count I." Id. In colloquy with the Stiners and counsel for the government, the court reasoned that the jury would not be confined to any date because, if the court had allowed the evidence to be admitted, it had thereby concluded that the evidence was relevant. Id. at 1383.
 
 
 24
 A defendant's right to avoid trial on charges not contained in an indictment is guaranteed by the Fifth Amendment. United States v. Martinez-Nava, 838 F.2d 411, 414 (10th Cir.1988). We are unpersuaded, however, that the court's supplemental instruction impermissably expanded the scope of the indictment. The crux of Count One of the indictment is that the Stiners attempted to evade and defeat the payment of income taxes for the years 1979 through 1984. That the shifting of assets and the closing of bank accounts occurred between November 7, 1986 and May 31, 1988 merely states further evidentiary details relevant to the general tax evasion scheme. The district court did not err in instructing the jury that it could consider any evidence admitted as it related to the charge in Count One.
 
 
 25
 As their next point of error, the Stiners argue that the district court erred in excluding, as hearsay, evidence regarding their belief that compliance with tax laws is voluntary. They particularly object to the court's failure to admit a letter written by Mr. Stiner to a federal district court judge and a tape recording of a conversation with an Internal Revenue Service Officer. The Stiners also argue that they were not allowed to present testimony supporting their belief that the complexity and vagueness of the tax laws render them difficult or impossible to obey.
 
 
 26
 A district court's determination regarding the admissability of evidence will be overturned only upon a showing of abuse of discretion. United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988). Our review of the record does not reveal any such abuse. Both the letter to the judge and the tape recording were excluded as irrelevant. Rec.Vol. VIII at 1186; Rec.Vol. VII at 1077-78. The Stiners' argument regarding whether or not those items could have been admitted as some exception to the rule against hearsay, therefore, is inapposite. The court was generous in admitting testimony from both defendants regarding their belief that they had violated no legal duty. See, e.g., Rec.Vol. VIII at 1176, 1182-85, 1187, 1202-04, 1212-15, 1223-24, 1227, 1251-52. Any evidence going to the defendants' beliefs regarding the complexity or vagueness of the tax laws, or other arguments regarding the validity of such laws, is irrelevant. See Cheek v. United States, 111 S.Ct. 604, 613 (1991).
 
 
 27
 The Stiners next argue that evidence of their "actual tax liability" should have been admitted during the sentencing hearing. We disagree. The trial judge correctly ruled that evidence of tax liability had already been determined by the jury at trial. Rec.Supp.Vol. I at 7.
 
 
 28
 And finally, the Stiners contend that it was error for the district court to impose upon them the costs of prosecution. The imposition of costs pursuant to 26 U.S.C. §§ 7201 and 7203, however, is mandatory. United States v. Jungels, 910 F.2d 1501, 1504 (7th Cir.1990); see also United States v. Palmer, 809 F.2d 1504, 1506 (11th Cir.1987); United States v. Wyman, 724 F.2d 684, 688 (8th Cir.1984); United States v. Chavez, 627 F.2d 953, 955 (9th Cir.1980), cert. denied, 450 U.S. 924 (1981).[1]
 
 
 29
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Stiners, in their Motion to Strike Appellee's Brief from the Record, and Mr. Stiner in his Petition for Writ of Habeas Corpus, have taken issue with the Clerk's grant of extra time for Appellee to file its brief, claiming that such grant violated Tenth Circuit rules. Mr. Stiner's habeas petition is treated as a renewed motion to strike and both motions are denied