UNITED STATES of America, Plaintiff,

v.

Clayton ALBERS, Defendant.

Crim. A. No. 93–10020–01.

United States District Court,
D. Kansas.

Oct. 27, 1994.

Blair Watson, Asst. U.S. Atty., Wichita, KS, for plaintiff.

Dan Monnat, Monnat & Spurrier, Wichita, KS, for defendant.

### MEMORANDUM AND ORDER

BELOT, District Judge.

Following his second trial, defendant was convicted by a jury of conspiracy to manufacture methamphetamine and related charges. He now has moved for judgment of acquittal or, in the alternative, for a new trial pursuant to Rules 29 and 33, Fed.R.Crim.P. For the following reasons, defendant's alternative motions are denied.

### Judgment of Acquittal

In *United States v. Hudson,* 813 F.Supp. 1482, 1492 (D.Kan.1993) this court reviewed the standards applicable to motions for judgment of acquittal:

> "[T]he issue is whether, taken in the light most favorable to the government, there is substantial evidence from which a reasonable jury might properly find the defendant guilty beyond a reasonable doubt." *United States v. Johnson,* 911 F.2d 1394, 1399 (10th Cir.1990), *cert. denied,* [498] U.S. [1050], 111 S.Ct. 761, 112 L.Ed.2d 781 (1991). The government is entitled to the benefit of all reasonable inferences consistent with the evidence at trial. *United States v. Dickey,* 736 F.2d 571, 583 (10th Cir.1984), *cert. denied,* 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985). "The

court should enter a judgment of acquittal only if the evidence that the defendant committed the crime is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. White*, 673 F.2d 299, 301 (10th Cir.1982).

Defendant contends that the evidence was insufficient to support his conviction and that the court should acquit him. This claim, advanced without citation or argument, is totally without merit. The government's evidence, standing alone, was more than adequate. The entirety of the evidence, including defendant's completely incredible testimony, raised the evidence of defendant's guilt to overwhelming proportions.

### New Trial

■ The court may grant a new trial if required in the interests of justice. However, new trials are disfavored and district courts are admonished to exercise great caution in granting them. *United States v. Stiner*, 765 F.Supp. 663, 664 (D.Kan.1991), *aff'd*, 952 F.2d 1401 (10th Cir.1992); *United States v. Miller*, 987 F.2d 1462, 1466 (10th Cir.1993).

Defendant has asserted nine grounds in support of his motion for a new trial. He has not supported any of the grounds with authority. Nevertheless, the court has considered each ground, which are:

1. *The court erred in denying the defendant's motion to suppress physical evidence admitted at trial.* This motion was discussed and denied in this court's order of August 31, 1993 (Doc. 139). Defendant cites no additional grounds in support of his claim of error. The court will stand on its ruling.

2. *The court erred in denying the defendant's motion to dismiss the indictment on grounds that the grand jury's independence was unconstitutionally usurped.* This motion was discussed and denied in this court's order of September 28, 1994 (Doc. 386). Defendant cites no additional grounds in support of his claim of error. The court will stand on its ruling.

■ 3. *The court erred in prohibiting the defendant from utilizing his illustrative chronology charts during opening statements.*

■ 4. *The court erred in allowing the government to present records custodians and exhibits which were not revealed to the defendant at least two weeks before trial, in accordance with pre-trial orders.*

■ 5. *The court erred .in limiting the defendant's presentation of evidence by not letting defense counsel play Court Exhibit N, a tape recording, to show statements made by Federal D.E.A. Agents which had the effect of coaching government witness Patrick Cambron how to manipulate the content of tape-recorded telephone conversations entered into evidence against the defendant.*

■ 6. *The court erred in limiting the defendant's presentation of evidence by sustaining the government's hearsay objections to defense counsel's questions of defense witnesses regarding conversations not offered for a hearsay purpose but offered to illustrate the defendant's state of mind at the time of the alleged offense.*

7. *The court erred in overruling defendant's objections to questions propounded by the government upon its cross-examination of the defendant.*

■ 8. *The court erred in sustaining the government's objection to defense counsel's closing argument, and prohibiting defense counsel from basing his argument on facts which had been properly placed in evidence absent governmental or court objection.*

■ Each of the above claims relates to rulings made by the court concerning admission or exclusion of evidence or the conduct of the trial. The court is not persuaded that any of these rulings was erroneous or that any of them, individually or collectively, substantially affected defendant's right to a fair trial. None of the rulings justify a new trial.

9. *The court erred in allowing the government to surprise defense counsel at trial and enter into evidence Government's Exhibit 37, which was not revealed to defense counsel until the government sprung it on the defendant during cross-examination.*

■ Exhibit 37 was a Wells Fargo & Company money order sent by one of defendant's co-conspirators to defendant during the conspiracy. The government used Exhibit 37 during its cross-examination of defendant to impeach defendant's testimony that he had received a specific amount of money as repayment for a loan to another of his co-conspirators, rather than as his share of the proceeds of methamphetamine sales. Exhibit 37 was not produced by the government prior to trial nor was it admitted during the government's case-in-chief during either the first or second trial. Rule 16(a)(1)(C), Fed. R.Crim.P.

There is little doubt that the introduction of Exhibit 37 during defendant's cross-examination unpleasantly surprised defendant. This is because defendant deliberately had concocted an innocent-sounding, yet unquestionably false, story to get around the government's evidence of which he was aware as the result of the first trial. When confronted with Exhibit 37 on cross-examination, he was unable to manufacture an explanation regarding his receipt of the money represented by the money order. The effect of the admission of the money order and defendant's inability to account for it further diminished his already sagging credibility.

Defendant cites no authority in support of his argument that the government was obligated to show him Exhibit 37 prior to trial. Rule 16, Fed.R.Crim.P., did not require its disclosure and, obviously, disclosure was not mandated by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

In *United States v. Garsson,* 291 F. 646, 649 (S.D.N.Y.1923), Judge Learned Hand observed:

> Finally, the defendants, recognizing that it is difficult to make a case for quashal by the scraps of evidence accessible, move for inspection of the grand jury's minutes. I am no more disposed to grant it than I was in 1909. *U.S. v. Violon (C.C.),* 173 Fed 501. It is said to lie in discretion, and perhaps it does, but no judge of this court has granted it, and I hope none ever will. Under our criminal procedure the accused has every advantage. While the prosecution is held rigidly to the charge, he need not disclose the barest outline of his defense. He is immune from question or comment on his silence; he cannot be convicted when there is the least fair doubt in the minds of any one of the twelve. Why in addition he should in advance have the whole evidence against him to pick over at his leisure, and make his defense fairly or foully, I have never been able to see. No doubt grand juries err and indictments are calamities to honest men, but we must work with human beings and we can correct such errors only at too large a price. Our dangers do not lie in too little tenderness to the accused. Our procedure has always been haunted by the ghost of the innocent man convicted. It is an unreal dream. What we need to fear is the archaic formalism and watery sentiment that obstructs, delays, and defeats the prosecution of crime.

This observation clearly is applicable to defendant's complaint about Exhibit 37, which, in reality, is that because he did not know about the exhibit prior to trial, he was unable to weave it into his fabricated defense.

Accordingly, defendant's alternative motion for judgment of acquittal or a new trial (Doc. 394) is denied.

IT IS SO ORDERED.