**UNITED STATES of America, Plaintiff,**

v.

**Archie L. DUNN, III, Defendant.**

**Criminal Action No. 96–40030–01–DES.**

United States District Court,
D. Kansas.

March 21, 1997.

Charles D. Dedmon, Office of Federal Public Defender, Topeka, KS, for Defendant.

James E. Flory, Office of U.S. Atty., Topeka, KS, for U.S.

**MEMORANDUM AND ORDER**

SAFFELS, Senior District Judge.

This matter is before the court on the defendant's Partial Motion for Relief From United States District Court Rule 47.1 (Doc. 44) and Motion for New Trial (Doc. 43).

### A. *Partial Motion for Relief From United States District Court Rule 47.1* (Doc. 44)

Over 200 pounds of marijuana were admitted into evidence at the trial of this case. The defendant moves the court for relief from D. Kan. Rule 47.1 in order to ask jurors whether they were able to notice the odor of marijuana in the courtroom during trial, whether the odor was extremely strong or overwhelming, and whether they suffered from adverse physical reactions as a consequence of the odor. The defendant seeks to determine whether any marijuana odor created headaches or allergic reactions in the jurors which interfered with their ability to deliberate.

D. Kan. R. 47.1(b) provides that "[u]nder no circumstances except by order of the court granted upon good cause shown shall any party or any party's attorney or their agents or employees examine or interview any juror, either orally or in writing...." The requirement of "good cause" is only met by showing that one of the exceptions in Fed.R.Evid. 606(b) applies. *United States v. Ross,* Nos. 92–3276–SAC, 89–10066–01, 1993 WL 105152, at *1 (D.Kan. Mar.16, 1993). Rule 606(b) provides that "a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." In deciding whether to grant relief from Rule 47.1(b), the district court must balance policy considerations of protecting jurors from harassment, preserving the finality of judgments, and ensuring that verdicts are based on accuracy and fairness. *Green Constr. Co. v. Kansas Power & Light Co.,* 759 F.Supp. 739, 739–740 (D.Kan.1991), *aff'd,* 1 F.3d 1005 (10th Cir.1993). Interviews of jurors by persons connected with a case are not favored, however, except in extreme situations. *Sutton v.*

*Southwest Forest Indus. Inc.*, 643 F.Supp. 662, 663 (D.Kan.1986), *aff'd*, 868 F.2d 352 (10th Cir.1989) (citing (*Stein v. New York*, 346 U.S. 156, 178, 73 S.Ct. 1077, 1089–90, 97 L.Ed. 1522 (1953)), *overruled on other grounds*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)).

The defendant submits that while the visual display of the marijuana was admissible, the odor was never admitted, and that the odor therefore constituted extraneous prejudicial information improperly brought to the jury's attention. The defendant cites no support, however, for his position that the attributes of properly admitted evidence can be considered "extraneous," and the court is aware of no such authority. The court does not find good cause to grant the defendant relief from D. Kan. Rule 47.1.

### B. *Motion for New Trial* (Doc. 43)

 Fed.R.Crim.P. 33 provides that the court may grant a new trial to a defendant if required in the interest of justice. Any error which would require reversal on appeal is a sufficient basis for granting a new trial. *United States v. Stiner*, 765 F.Supp. 663, 664 (D.Kan.1991), *aff'd*, 952 F.2d 1401 (10th Cir. 1992). A motion for a new trial is not viewed with favor, however, and should be granted with great caution. *United States v. Chatman*, 994 F.2d 1510, 1518 (10th Cir.1993).

The defendant moves for a new trial on two grounds: (1) the admission of pre-*Miranda* silence and its collateral impact; and (2) the odor of marijuana in the courtroom.

### 1. Admission of Pre-*Miranda* Silence and its Collateral Impact

 The government introduced evidence of Mr. Dunn's statement, while being handcuffed, that he would like the officer to take off his jewelry and put it in his pocket. The government argued that the defendant's statement showed that he was aware that there was marijuana in the trunk of his car, because an innocent person, rather than asking about his jewelry, would have demanded to know why he was being arrested. Such voluntary statements not elicited in response to custodial interrogation are admissible. *Pennsylvania v. Muniz*, 496 U.S. 582, 604,

110 S.Ct. 2638, 2651–52, 110 L.Ed.2d 528 (1990).

After being handcuffed, the arresting officer read Mr. Dunn his *Miranda* rights. The officer then led the defendant to the rear of his vehicle where the defendant could observe the marijuana in the trunk. The defendant argues that the significance of his pre-*miranda* statement would have been lost had he demanded the reason for his arrest as the officer was taking him to the rear of the car. At that time, however, Mr. Dunn was exercising his *Miranda* right to remain silence. The defendant contends that the admission of his pre-*Miranda* statement forced him to choose between offering evidence of his assertion of his *Miranda* rights, which would have been inadmissible by the government, or suffering the inference that the reason he did not question his arrest was because he knew there was marijuana in his trunk. Mr. Dunn maintains that this forced choice implicated his right to a fair trial and his Miranda right to remain silent. The defendant requests a new trial in which his pre-*Miranda* statement is not admitted into evidence.

The United States Supreme Court held in *Doyle v. Ohio*, 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976), that "the use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving *Miranda* warnings," violates the Due Process Clause of the Fourteenth Amendment. The defendant argues here, however, that where a post-*Miranda* statement, which, out of reliance on the defendant's right to remain silent, was never made, would have, if made, served to negate the implication of a pre-*Miranda* statement, the pre-*Miranda* statement is likewise inadmissible. This court simply cannot extend *Doyle* to cover such a situation in the absence of any legal authority to do so.

### 2. Odor of Marijuana in the Courtroom

 The defendant asserts two grounds for a new trial based on the odor of marijuana in the courtroom. Mr. Dunn first argues that the odor may have caused jurors to experience headaches or other adverse reac-

tions, and thereby affected their deliberative processes. The defendant submits that the odor of marijuana became increasingly pervasive during the afternoon of the first day of trial. The jury did not begin to deliberate, however, until the next morning. Jurors were exposed to the marijuana for no more than an hour on the day they began to deliberate. Because the defendant's belief that the marijuana odor may have affected the jury's ability to deliberate is based on mere speculation, and for the reasons set forth in the discussion above of the defendant's Partial Motion for Relief From United States District Court Rule 47.1, the court rejects this argument.

The defendant also maintains that the marijuana odor produced a condition which improperly supported the government's theory of guilt. Mr. Dunn submits that the key issue in this case was whether he was aware of the marijuana in the trunk of his car. The defendant asserts that at the time of his arrest, the marijuana was wrapped in individual packages inside trash bags. The marijuana was removed from the trash bags, however, for its presentation at trial. The defendant contends that the presentation was not a fair demonstration. He requests a new trial at which the marijuana is either packaged as it was when seized, or allowed into court only for the minimum time required for the government to present its evidence.

The United States Court of Appeals for the Seventh Circuit faced a similar situation in *United States v. Garcia*, 986 F.2d 1135 (7th Cir.1993). A key issue in that case was the smell of marijuana inside a truck cab. *Id.* at 1141. The court of appeals stated that the district court erred in permitting the marijuana containers to remain open and emit the odor of marijuana during the defendant's case-in-chief. *Id.* The case at bar, however, differs from Garcia in two respects. First, the marijuana containers in this case were not "open." The defendant contends that there were "holes and tears in the plastic covering around the individual packages." Even if this were the case, which the government disputes, the packages were not "open" as were the containers described in *Garcia.*

Second, the marijuana in this case was not present during the defendant's case.

Mr. Dunn concedes that the marijuana was properly admitted into evidence. The defendant also was able to argue to the jury the difference in the odor-producing circumstances of the marijuana's presence in the courtroom and its presence, wrapped in trash bags, in the trunk of a new, full-sized car. The court cannot find that the presence of the properly admitted marijuana in the courtroom created unfair prejudice which would warrant a new trial.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's motions (Docs. 43 and 44) are denied.