UNITED STATES of America, Plaintiff,

v.

Marvin E. MILLER, Defendant.

No. 96–40064–01–DES.

United States District Court, D. Kansas.

March 31, 1997.

Jonathan B. Phelps, Phelps—Chartered, Topeka, KS, for Marvin E. Miller.

Randy M. Hendershot, Office of U.S. Attorney, Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant's Motion for Judgment of Acquittal or Motion for New Trial (Doc. 93). For the reasons set forth below, defendant's motion is denied.

In August 1996 a federal grand jury returned a three count Sealed Indictment against defendant Marvin E. Miller. Defendant was charged in Count One with robbing the Credit Union Service Center of Topeka, Kansas, in violation of Title 18 U.S.C. § 2113(a) and (d) and Title 18 U.S.C. § 2. In Count Two, defendant was charged with using a firearm during and in relation to Count One, in violation of 18 U.S.C. § 924(c)(1)–(2). Defendant was charged in Count Three with conspiracy to commit bank robbery as alleged in Count One, in violation of 18 U.S.C. § 371. On January 14, 1997, defendant proceeded to jury trial. The jury found him guilty on all three counts. Defendant now moves the court for judgment of acquittal pursuant to Fed.R.Crim.P. 29 or new trial pursuant to Fed.R.Crim.P. 33.

### I. Motion for judgment of acquittal

In support of his motion for judgment of acquittal, the defendant argues that the evidence is insufficient to support the jury's verdict. Defendant's argument is premised on the assumption that the testimony of co-

conspirators, standing alone, is inadequate as a matter of law to support a conviction. The court disagrees. The Tenth Circuit has clearly held that a jury may convict a criminal defendant on the uncorroborated testimony of an accomplice. *United States v. McGuire*, 27 F.3d 457, 462 (10th Cir.1994) (citations omitted). The only qualification to this rule is the requirement that the court instruct the jury as to the manner in which such testimony should be considered. *Id.* Such requirement was satisfied in this case.

## II. Motion for a New Trial

Fed.R.Crim.P. 33 provides that the court may grant a new trial to a defendant if required in the interest of justice. Any error which would require reversal on appeal is a sufficient basis for granting a new trial. *United States v. Stiner*, 765 F.Supp. 663, 664 (D.Kan.1991), *aff'd*, 952 F.2d 1401 (10th Cir. 1992). A motion for a new trial is not viewed with favor, however, and should be granted with great caution. *United States v. Chatman*, 994 F.2d 1510, 1518 (10th Cir.1993).

■ Defendant Miller offers several arguments in support of his motion for a new trial. He first argues that his right to a fair trial was compromised because the court permitted evidence of his out of court statement regarding "hypothetical" robberies. The offending evidence, however, was in the form of the defendant's own testimony. The defendant testified that if he were to rob anything it would be a "kwik shop," but not a bank because of the federal law implications. This testimony was voluntarily given by the defendant in attempt to exculpate himself. The court cannot find that it created such unfair prejudice as to warrant a new trial.

■ Defendant Miller also contends his right to a fair trial was compromised because the court failed to grant a mistrial on defendant's motion when government witness Elliot Thurmond remarked that he had met the defendant in jail. This statement, however, was not in response to a direct question, and did not appear to be intentionally elicited by the government. More importantly, the court issued a prompt cautionary instruction directing the jury to disregard Thurmond's statement. Under the circumstances, the court cannot find that Elliot Thurmond's remark created such unfair prejudice as to warrant a new trial.

■ Defendant Miller further contends his right to a fair trial was compromised because, although the court gave an instruction on the lesser included offense of bank robbery, the court did not provide a verdict form for such lesser offense. Defendant concedes he did not object to the verdict form at trial, but suggests that the contemporaneous objection rule, as set forth in Fed.R.Crim.P. 30, is not applicable to the verdict form. The court disagrees, and finds no support for defendant's contention. Nor does the court find any merit to defendant's creative argument that any objection he might have made to the verdict form was "constructively denied" because the court rejected the government's request to modify the form.

■ The court also disagrees that the plain error rule of Fed.R.Crim.P. 52(b) compels a new trial under the circumstances. "[T]he plain-error exception to the contemporaneous-objection rule is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1, (1985) (quoting *United States v. Frady*, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982)). As the government points out in its response, the instruction was "surplus." There was no evidence produced at trial to suggest that an unarmed credit union robbery occurred. The government witness and the victims were unanimous in their testimony that both robbers in the building were armed with handguns. Furthermore, the defendant did not dispute that handguns were involved, but instead premised his defense on the assertion that he was not among the robbers. Accordingly, the court was under no obligation to give the instruction. *See United States v. Haar*, 931 F.2d 1368, 1371 (10th Cir.1991).

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion for

Judgment of Acquittal or Motion for New Trial (Doc. 93) is denied.