**UNITED STATES of America, Plaintiff,**

v.

**Willie Ray PEWITTE, Defendant.**

**Crim. A. No. 96–40078–01–DES.**

United States District Court,
D. Kansas.

Oct. 29, 1997.

Randy Hendershot, Asst. U.S. Atty., Topeka, KS, for Plaintiff.

Marilyn M. Trubey, Asst. Federal Public Defender, Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant's Motion for Judgment of Acquittal or Motion for New Trial (Doc. 64) and defendant's Motion for Permission to Inquire of Jurors (Doc. 63).

On November 20, 1996, a grand jury returned a one-count indictment against Willie Ray Pewitte. The government charged that the defendant did knowingly and intentionally possess with the intent to distribute in excess of five grams of a mixture or substance containing a detectable amount of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). On August 19, 1997, the defendant proceeded to

jury trial. The jury found him guilty as charged in the indictment. Defendant now moves the court for judgment of acquittal pursuant to Fed.R.Crim.P. 29 or new trial pursuant to Fed.R.Crim.P. 33.

Ordinarily, the remedy for violation of an accused's right to a fair and impartial trial by improper influence on the jury is an order for a new trial. *See United States v. Scisum*, 32 F.3d 1479 (10th Cir.1994). Fed. R.Crim.P. 33 provides that the court may grant a new trial to a defendant if required in the interest of justice. Any error which would require reversal on appeal is a sufficient basis for granting a new trial. *United States v. Stiner*, 765 F.Supp. 663, 664 (D.Kan.1991), *aff'd*, 952 F.2d 1401 (10th Cir. 1992). A motion for a new trial is not viewed with favor, however, and should be granted with great caution. *United States v. Chatman*, 994 F.2d 1510, 1518 (10th Cir.1993).

Defendant Pewitte argues that his right to a fair trial was compromised because the jury was exposed to external information concerning the case before them. This information was in the form of a vehicle seized from the defendant which was being used, at the time of the trial, by the Junction City, Kansas, D.A.R.E. program to help educate children about the dangers of drugs. The Junction City police department painted the car with a sign indicating that the car was seized from a local drug dealer. This vehicle was parked within the visitor's parking lot of the federal courthouse during at least one day of the trial. The vehicle was also observed being driven in the downtown Topeka area during the lunch hour of August 19, 1997.

The question for the court is "whether any exposure to the extraneous information impermissibly tainted the jurors so as to warrant a new trial." *United States v. Davis*, 60 F.3d 1479, 1484 (10th Cir.1995). "A rebuttable presumption of prejudice arises whenever a jury is exposed to external information in contravention of a district court's instructions." *Mayhue v. St. Francis Hosp. of Wichita, Inc.*, 969 F.2d 919, 922 (10th Cir.1992) (citing *United States v. Hornung*, 848 F.2d 1040, 1044–45 (10th Cir. 1988).) "The presumption of prejudice 'is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant.'" *Hornung*, 848 F.2d at 1044 (quoting *Remmer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954)). In order to conclude the exposure was harmless, the court must determine that such exposure was "harmless beyond a reasonable doubt." *Davis*, 60 F.3d at 1485 (citations omitted). The Tenth Circuit has recognized "that the most common means of demonstrating the harmlessness of an extraneous contact is to show the existence of overwhelming evidence of [the] defendant's guilt." *Id.* (citing *Hornung*, 848 F.2d at 1045).

Rather than hold a hearing to determine if any of the jurors were, in fact, exposed to extraneous information, the court will assume for purposes of this discussion that some or all of the jurors did indeed see the D.A.R.E. vehicle. Accordingly, defendant's Fed.R.Evid. 606(b) motion will be denied. The next inquiry is whether exposure to the vehicle resulted in one or more of the jurors acquiring any information about the case not imparted to them in court. Under the circumstances, this appears highly unlikely. During trial, the jurors were shown photographs of the vehicle in its post-forfeiture condition, complete with painted on flames and D.A.R.E. decals and were informed about the painted inscriptions indicating the vehicle was seized from a local drug dealer. They were also informed that the defendant had a prior conviction for the sale of cocaine. They were further informed that the defendant had paid for a new interior and other repairs on the vehicle and that the keys to the vehicle were on the defendant's keyring, which he handed to the police when he gave consent to search the car.

Although mere observation of the vehicle was unlikely to have afforded the jurors any improper information about the case, the specter of unfair prejudice is hard to eliminate completely. It fades significantly, however, in light of the additional evidence produced at trial against the defendant. The

evidence showed that the key to the bag containing the subject crack cocaine was on the defendant's keyring, that the cocaine was in a room to which the defendant had access, and that digital scales that bore cocaine residue were in the defendant's apartment near a large amount of cash. Additionally, a cooperating witness admitted he helped the defendant package and store cocaine in his residence. The witness also testified that he obtained cocaine from the defendant.

The court concludes that the presumption of prejudice resulting from any improper exposure of the jury to the D.A.R.E. vehicle is overcome by overwhelming evidence of the defendant's culpability. Accordingly, the defendant's motion will be denied.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Motion for Judgment of Acquittal or Motion for New Trial (Doc. 64) is denied.

**IT IS FURTHER ORDERED** that the defendant's Motion for Permission to Inquire of Jurors (Doc. 63) is also denied.