Willie J. STREET, Plaintiff–Appellant,

v.

Terry PARHAM, Ken Snider, Defendants–Appellees,

and

Mike Hill, Sheriff of Sedgwick County, Kansas, Defendant.

No. 89–3190.

United States Court of Appeals, Tenth Circuit.

March 25, 1991.

Craig Shultz, Shultz & Webb, Chartered, Wichita, Kan., for plaintiff-appellant.

Alan L. Rupe, Grace & Rupe, Wichita, Kan., for defendants-appellees.

Before McKAY, LOGAN, Circuit Judges, and RUSSELL,* District Judge.

McKAY, Circuit Judge.

The issue in this excessive force case is whether the district court erred in allowing the jury to consider the defendants' qualified immunity defense even after the jury had found that the force used against the plaintiff by one of the defendants was unreasonable. Because the initial instruction given the jury allowed it to consider whether the force used was reasonably necessary under the circumstances, we hold that it was error for the jury to be further instructed regarding a qualified immunity defense after it found that the force used was in fact unreasonable.

The plaintiff brought this action under 42 U.S.C. § 1983 and state tort law, alleging violation of his civil rights and stating pendent claims of assault and battery and malicious prosecution stemming from a 1985 arrest in which he claimed the defendants used excessive force against him. The case was tried to a jury which returned a verdict for the defendants. In doing so, the jury found that one of the defendants had indeed used excessive force against the plaintiff, but that qualified immunity shielded him from liability for his actions. Plaintiff's motions for judgment notwithstanding the verdict and for new trial were denied.

The instructions given to the jury which are the subject of this appeal are the following:

**Instruction No. 18:** Every person has the right not to be subjected to unreasonable or excessive force while being arrested or while in the custody of a law enforcement officer, even though such person has been arrested and remains in custody in accordance with due process of law. On the other hand, in holding a person in custody an officer has the right to use such force as is reasonably necessary under the circumstances.

Whether or not the force used in this case was excessive or unreasonable is for you to determine from all the surrounding circumstances. In making that determination, you must inquire into the need for force, the relationship between this need and the amount of force used, the extent of the injury inflicted, and the motive of the sheriff officer. If the sheriff officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances, and inspired by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience, or by malice rather than mere carelessness, then the officer has used unreasonable or excessive force.

* Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Based on this instruction, the jury found that one of the defendants had used excessive force against the plaintiff while he was in custody, in violation of his constitutional rights. Then the jury, guided by Instruction No. 21, went on to consider the question of that defendant's qualified immunity.

> **Instruction No. 21:** On August 31, 1985, the law as set forth in Instruction No. 18 was clearly established. Even if you find that defendants used unreasonable or excessive force against plaintiff, the defendants still may not be liable to the plaintiff. This is so because the defendants may be entitled to what is called a qualified immunity. If you find that they are entitled to such an immunity, you may not find them liable.
>
> The defendants will be entitled to a qualified immunity only if, at the time they used excessive force against the plaintiff, they did not know their actions violated federal law and if a competent official could not have been expected at the time to know that the conduct violated federal law.
>
> In deciding what a competent official would have known about the legality of defendants' conduct, you may consider the nature of defendants' official duties, the character of their positions, the information which was known to them or not known to them, and the events which confronted them. You must ask yourself what reasonable officials in defendants' situations would have believed about the legality of defendants' conduct. You should not, however, consider the defendants' subjective intent, even if you believe it was to act in good faith or to harm the plaintiff. You may also use your common sense. If you find that reasonable officials in defendants' situa-

tion would believe their conduct to be lawful, then this element will be satisfied.

> The defendant has the burden of proving that he neither knew nor should have known that his actions violated federal law. If the defendants convince you by a preponderance of the evidence that they neither knew nor should have known that their actions violated federal law, then you must return a verdict for the defendants, even though you may have previously found that the defendants in fact violated the plaintiff's constitutional rights under color of state law.

In light of this instruction, the jury found that the defendant who had used excessive force against the plaintiff was, nevertheless, entitled to qualified immunity.

██ The plaintiff argues that it was error for the district court to give Instruction No. 21 to the jury.[1] When a party challenges a jury instruction on appeal, this court reviews the entire record to determine whether the instruction states the governing law and provides the jury with an ample understanding of the relevant issues and the applicable law. *Big Horn Coal Co. v. Commonwealth Edison Co.,* 852 F.2d 1259, 1271 (10th Cir.1988). The instructions are reviewed as a whole, not to determine whether they were flawless, "but whether the jury was misled in any way and whether it had an understanding of the issues and its duty to decide those issues." *Shute v. Moon Lake Elec. Ass'n, Inc.,* 899 F.2d 999, 1004 (10th Cir.1990). " '[A]n error in jury instructions will mandate reversal of a judgment only if the error is determined to have been prejudicial, based on a review of the record as a

---

**1.** The defendant argues that the plaintiff, at trial, did not raise the general issue of whether a qualified immunity instruction is ever appropriate in an excessive force case. However, the plaintiff did object to the qualified immunity Instruction No. 21 on the ground that no evidence had been offered tending to prove that the defendants did not know that their use of excessive force would be a federal violation. Record, Vol. I, Doc. 77 at 277, 282. Because we

cannot imagine any excessive force case in which a law enforcement officer could make such proof, we find that the evidentiary deficiency complained of by the plaintiff at trial would be common to all trials involving claims of excessive force. Plaintiff's objection to Instruction No. 21, therefore, adequately raised the issue of whether a separate qualified immunity instruction is appropriate in an excessive force case.

whole.' " *Id.* (quoting *Durflinger v. Artiles,* 727 F.2d 888, 895 (10th Cir.1984)).

The seminal statement of law regarding qualified immunity is set out in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), in which the Court stated that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738. If the law was clearly established, a claim to immunity should ordinarily fail. *Id.* at 818–19, 102 S.Ct. at 2738. However, an exception to this general rule exists if the official pleading an immunity defense "claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard." *Id.* at 819, 102 S.Ct. at 2738.

Qualified immunity protects government officials "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). "This inquiry turns on 'the "objective legal reasonableness" of the action ... assessed in light of the legal rules that were "clearly established" at the time it was taken....' " *Specht v. Jensen,* 832 F.2d 1516, 1524 (10th Cir.1987) (quoting *Harlow,* 457 U.S. at 818–19, 102 S.Ct. at 2738–39), *reh'g granted expressly on other grounds,* 837 F.2d 940 (10th Cir.1988), *cert. denied,* 488 U.S. 1008, 109 S.Ct. 792, 102 L.Ed.2d 783 (1989).

 We find that Instruction No. 18 adequately guided the jury in evaluating all of the relevant aspects of an excessive force claim, including any claim to qualified immunity. A citizen has the right to be free from unreasonable force when being arrested or detained by a law enforcement officer. *Zuchel v. Spinharney,* 890 F.2d 273, 274 (10th Cir.1989) (citing *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). Instruction No. 18 properly informed the jury that "[e]very person has the right not to be subjected to unreasonable or excessive force while being arrested or while in the custody of a law enforcement officer, even though such person has been arrested and remains in custody in accordance with due process of law." On the other side of the scale, an officer's right to make an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham,* 490 U.S. at 396, 109 S.Ct. at 1871. Instruction No. 18 continued to summarize the law properly by informing the jury that "in holding a person in custody an officer has the right to use such force as is reasonably necessary under the circumstances." The jury was further instructed that "[w]hether or not the force used in this case was excessive or unreasonable is for you to determine from all the surrounding circumstances." Thus, Instruction No. 18 fully encompassed the notion that an officer could use reasonable force under the circumstances present while making an arrest.

If the relevant law was clearly established, an officer is only entitled to immunity if he claims "extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard." *Harlow,* 457 U.S. at 819, 102 S.Ct. at 2738. When the jury answered Instruction No. 18 in the affirmative, it decided that the force used by the officer was unreasonable under all the circumstances. There could, therefore, not be any exculpatory "extraordinary circumstances" excusing the defendant's conduct. No officer could reasonably believe that the use of unreasonable force did not violate clearly established law. Once the jury concluded that, even under all the circumstances, excessive force had been used, the inquiry was over. This is one of the rare instances where the determination of liability and the availability of qualified immunity depend on the same findings. The qualified immunity question was answered as part of the jury's consideration of the excessive force claim. *See Dixon v. Richer,* 922 F.2d 1456, 1463 (10th Cir.1991). Because a reasonable police officer would not have believed that the use of unreasonable

force was necessary under the circumstances, the jury's affirmative answer to Instruction No. 18 also answered the qualified immunity question. *See id.* at 16.[2]

In light of Instruction No. 18, therefore, it was error to submit Instruction No. 21 to the jury.[3] Because such an instruction may have misled the jury and prevented it from understanding the issues, the judgment must be reversed. *Shute,* 899 F.2d at 1004.

The judgment of the United States District Court for the District of Kansas is REVERSED and REMANDED for new trial consistent with this order.

**2.** We note that a case involving a claim of excessive force differs from claims based on violations of other fourth amendment rights. "In general, even though conduct is 'unreasonable' under the Fourth Amendment, because of 'the difficulty of determining whether particular searches or seizures comport with the Fourth Amendment,' *Anderson v. Creighton,* 483 U.S. 635, 644, 107 S.Ct. 3034, 3041, 97 L.Ed.2d 523 (1987), such conduct may nevertheless be objectively reasonable for purposes of qualified immunity. In insufficient warrant claims, for example, the Fourth Amendment inquiry asks whether probable cause existed for the magistrate to issue the warrant. But even if a court decides that there was no probable cause, in a close case it may have been objectively reasonable for a police officer to rely on the judgment of the magistrate and believe that probable cause existed." *Dixon,* 922 F.2d at 1463 (citing *Malley v. Briggs,* 475 U.S. 335, 345–46, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986)). However, in excessive force cases, once a factfinder has determined that the force used was unnecessary under the circumstances, any question of objective reasonableness has also been foreclosed.

**3.** The district court found that the following alternative instruction proffered by the plaintiff embodied the good faith defense to a charge of excessive force recognized in *Bledsoe v. Garcia,* 742 F.2d 1237, 1240 (10th Cir.1984), and *Varela v. Jones,* 746 F.2d 1413, 1418 (10th Cir.1984):

> If you find from a preponderance of the evidence in the case that the defendants used greater force on the plaintiff than the defendants believed was reasonably necessary in order to accomplish the lawful purpose intended or that the defendants used more force on the plaintiff than would have appeared to a reasonable person, in like circumstances, to be necessary in order to accomplish the lawful purposes intended, or that the defendants acted as they did toward the plaintiff not to perform their lawful duties but prompted by another unlawful motive, then you may find that the defendants acted unlawfully and contrary to the law of the State of Kansas.

Record, Vol. I, Doc. 68 at 5. The district court concluded that "[i]f it was error for the court to give any qualified immunity instruction in this case, it was invited by the plaintiff." *Id.* While we agree with the district court that the proffered instruction did encompass the good faith defense to the excessive force claim, the district court erred in concluding that this instruction also encompassed and condoned a qualified immunity instruction.