**Michael PHILLIPS, Plaintiff–Appellee,**

v.

**DURO–LAST ROOFING, INC., Defendant–Appellant.**

**No. 91–8051.**

United States Court of Appeals, Tenth Circuit.

Aug. 25, 1992.

James E. Fitzgerald, Sharon A. Fitzgerald, and A.G. McClintock, Fitzgerald Law Offices, Cheyenne, Wyo., and J. Dudley Butler, Laramie, Wyo., for plaintiff-appellee.

Gary R. Scott, Hirst & Applegate, Cheyenne, Wyo., for defendant-appellant.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

This case arose out of Plaintiff's fall from a roof while he was installing roofing materials. Defendant manufactured the roofing materials which Plaintiff claims tore, thereby causing him to fall from the roof and sustain various injuries. Plaintiff brought this diversity action claiming negligence, strict liability, and breach of various warranties. The case was submitted to a jury with special interrogatories, and the jury returned a special verdict in favor of Plaintiff and assessed damages at $187,-000. After the jury returned its verdict, the district court heard arguments from counsel regarding the apportionment of the damages. As a result of those arguments, the district court certified certain questions of Wyoming law to the Wyoming Supreme

Court for determination. After receiving the answers to its certified questions, the trial court entered judgement against Defendant for the full damage amount. Defendant appeals the judgment as entered, claiming that the trial court erred in not applying comparative fault principles to reduce the amount of the judgment so that Defendant is only required to pay the percentage of damages which the jury attributed to it in the negligence portion of the special verdict form.

The jury in this case was specifically instructed, without objection, that

> Comparative fault, if any, on the part of the plaintiff, will prevent recovery by the plaintiff against the defendant on plaintiff's negligence, strict liability and breach of express and/or implied warranty claims if you find that the plaintiff's fault is more than fifty percent (50%) of the total fault.

> .    .    .    .    .

> The defendant's liability for damages is limited by the percentage of fault, if any, which you determine is attributable to the defendant. In other words, the defendant will be liable only for that proportion of the total dollar amount determined as damages in the percentage of the amount of fault attributed to it.

Jury Instruction No. 51, Appendix To Appellant's Brief—Vol. I at 0106–07.

After the verdict was returned, the district court held a hearing to determine the amount of the judgment to be entered against Defendant. As a result of that hearing, the district court certified the following questions to the Wyoming Supreme Court:[1]

### I.

Does Wyo.Stat. § 1–1–109 (1988) apply to recovery on a claim of strict liability under Restatement of Torts (Second) § 402A?

### II.

Does Wyo.Stat. § 1–1–109 (1988) apply to recovery on a claim of strict liability under Restatement of Torts (Second) § 402B?

### III.

Does Wyo.Stat. § 1–1–109 (1988) apply to recovery on a claim for breach of the implied warranty of merchantability?

### IV.

Does Wyo.Stat. § 1–1–109 (1988) apply to recovery on a claim for breach of the implied warranty of fitness for a particular purpose?

### V.

Does Wyo.Stat. § 1–1–109 (1988) apply to recovery on a claim for a breach of express warranty?

---

1. Wyo.Stat. § 1–1–109 (1988) provides:

   (a) Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if the contributory negligence of the said person is not more than fifty percent (50%) of the total fault. Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering.

   (b) The court may, and when requested by any party shall:

   (i) If a jury trial:

   (A) Direct the jury to find separate special verdicts determining the total amount of damages and the percentage of fault attributable to each actor whether or not a party; and

   (B) Inform the jury of the consequences of its determination of the percentage of fault.

   (ii) If a trial before the court without jury, make special findings of fact, determining the total amount of damages and the percentage of fault attributable to each actor whether or not a party.

   (c) The court shall reduce the amount of damages determined under subsection (b) of this section in proportion to the amount of fault attributed to the person recovering and enter judgment against each defendant in the amount determined under subsection (d) of this section.

   (d) Each defendant is liable only for that proportion of the total dollar amount determined as damages under paragraph (b)(i) or (ii) of this section in the percentage of the amount of fault attributed to him under paragraph (b)(i) or (ii) of this section.

Certification Order From The United States District Court For The District Of Wyoming To The Supreme Court Of The State Of Wyoming, Appendix To Appellant's Brief—Vol. I at 198. The Wyoming Supreme Court answered each of the questions in the negative. Upon receipt of the answers to its certified questions, the district court entered judgment against Defendant for the full amount of the jury verdict.

■ This court only rarely reviews an error in jury instructions where no specific objection was made before submission of the charge to the jury, *Aspen Highlands Skiing Corp. v. Aspen Skiing Co.*, 738 F.2d 1509, 1516 (10th Cir.1984), *aff'd*, 472 U.S. 585, 105 S.Ct. 2847, 86 L.Ed.2d 467 (1985), and in those rare instances we review for plain error and prejudice. *Id.* This case, however, presents unique circumstances which require special consideration. "Usually, the certification of questions to a state Supreme Court precedes, not follows, the trial. This allows full and complete instructions on the applicable state law." *Saunders v. Rhode Island*, 731 F.2d 81, 84–85 (1st Cir.1984). Because the basis for objection to jury instruction No. 51 became known only after the Wyoming Supreme Court answered the questions certified to it by the district court, which was after the jury had already returned its special verdict, we will review jury instruction No. 51 under the same standard as if an objection had been timely made. *Id.* at 85.

We review the record to "determine whether the instruction states the governing law and provides the jury with an ample understanding of the relevant issues and the applicable law" *Street v. Parham*, 929 F.2d 537, 539 (10th Cir.1991). We do not determine whether instructions, on the whole, are flawless, "'but whether the jury was misled in any way and whether it had an understanding of the issues and its duty to decide those issues.'" *Id.* (quoting *Shute v. Moon Lake Elec. Ass'n, Inc.*, 899 F.2d 999, 1004 (10th Cir.1990)).

■ In light of the Wyoming Supreme Court's answers to the certified questions, it is obvious that instruction No. 51 was an incorrect statement of Wyoming law. We can only assume that the jury relied on and followed the instructions and, consequently, we find that the jury was misled when it was incorrectly instructed regarding comparative fault principles as applied to claims based on strict liability and breach of warranty. Plaintiff's remark in his closing argument regarding apportionment was also misleading.[2] Because of the timing of the certification in this case, a new trial is necessary because "[w]e can only speculate as to the effect [of an instruction correctly stating the law] on the answers to the interrogatories." *Saunders*, 731 F.2d at 85. Here, as in *Saunders*, "it is clear that the jury was not, as it should have been, fully and correctly instructed on the applicable law of the case." *Id.* We hold that, in this particular case, it would be manifestly unjust to assume in any way what the jury would have done had it been correctly instructed and not misled regarding the effect on the judgment of its answers to the special interrogatories. We therefore decline to adjust the damages for which Defendant is liable in accordance with some speculative theory of apportionment on the various causes of action, and we remand this case for a new trial.

The judgment of the United States District Court for the District of Wyoming is

---

2. In his closing argument, Plaintiff's counsel stated:

Let me just tell you, if Mike Phillips is blamed for more than 50 percent of what happened here, which he shouldn't be, he shouldn't be blamed, the product failed, and that's why he was hurt, he will recover nothing, not a penny.

Mike Phillips will collect only the percentage that you find the defendant responsible for. If you find him a hundred percent, like it should be, he will get his full recovery, but he will not get it to the extent you reduce that off a hundred percent for Duro–Last."
Transcript Of Plaintiff's And Defendant's Closing Statements And Comments After Jury Instructions, Appendix To Appellant's Brief—Vol. II at 352.

VACATED, and the case is REMANDED for a new trial.