978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wylie A. GLAD, Plaintiff-Appellee,
v.
THOMAS COUNTY BANKSHARES, INC.; Thomas County Bankshares of
Colby, Kansas, Inc., Defendants-Appellants.
 No. 91-3313.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 In this diversity-based lender liability action, appellants Thomas County Bankshares, Inc. and Thomas County Bankshares of Colby, Kansas, Inc.[1] challenge the district court's judgment against Thomas County National Bank following a jury trial on appellee Wylie Glad's claims of fraud and breach of the covenant of good faith and fair dealing. Glad brought suit against the bank, asserting numerous claims for damages allegedly resulting from the bank's failure to loan money to cover an annual loan payment to Metropolitan Life Insurance Company. Glad contended that the bank had promised her and her ex-husband that it would advance funds for the 1987 Metropolitan Life payment in connection with the regular refinancing of loans for their business, Glad Farms. The bank did not advance funds to the Glads for the Metropolitan Life payment. When the Glads went into default with Metropolitan, both Metropolitan and the bank foreclosed on the Glad's land and assets, which were pledged as security for various loans. The Glads then declared bankruptcy, which stayed the foreclosure action. When the Glads later voluntarily dismissed the bankruptcy proceedings, the foreclosure action went forward, and the Glads' lands and assets were sold.
 
 
 2
 The district court granted summary judgment to the bank on several of Glad's original claims, leaving only the fraud and good faith and fair dealing claims for trial. The jury found for the bank on Glad's fraud claim, found for Glad on the good faith and fair dealing claim, and awarded Glad $300,000.00 in damages. The bank then moved for a judgment notwithstanding the verdict (JNOV) or for a new trial, arguing: 1) the bank's conduct did not cause Glad's damages, if any, in light of the Glads' voluntary dismissal of their bankruptcy, and 2) the jury instruction defining Glad's good faith and fair dealing claim prejudiced the bank by referring to implied contracts, because Glad had not expressly claimed or argued that the contract between the Glads and the bank was implied. The district court denied the bank's post-trial motions.
 
 
 3
 On appeal, appellants argue essentially the same issues as those presented to the district court in the bank's motion for JNOV or a new trial. We review the district court's decision on the bank's JNOV motion de novo, using the same standard as the district court. Garcia v. Cordova, 930 F.2d 826, 828 (10th Cir.1991). That is, " 'we may find error only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party [opposing the motion]; we must construe the evidence and inferences most favorably to the nonmoving party.' " Ralston Dev. Corp. v. United States, 937 F.2d 510, 512 (10th Cir.1991) (quoting Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1051 (10th Cir.1988)). The district court's decision on a new trial motion is reviewed under an abuse of discretion standard. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1519 (10th Cir.1990). Finally, our review of the bank's challenge to the district court's jury instruction is limited. "[A]n error in jury instructions will mandate reversal of a judgment only if the error is determined to have been prejudicial, based on a review of the record as a whole." Street v. Parham, 929 F.2d 537, 539-40 (10th Cir.1991) (citations omitted).
 
 
 4
 Applying these standards, we affirm the district court's ruling on the bank's motion for JNOV or new trial. Based on our careful review of the record and the parties' briefs, we conclude that the district court correctly decided this case.
 
 
 5
 In addition to the reasons set forth by the district court in its denial of the bank's motion for JNOV or new trial, we would comment on appellants' claim that the bank was prejudiced by reference to implied contracts in the jury instruction outlining the elements of a claim for breach of good faith and fair dealing. Even were the reference to implied contracts in the jury instruction error, on the record before us we cannot say that the instruction so prejudiced the bank that reversal would be required.
 
 
 6
 Therefore, for substantially the same reasons contained in the district court's memorandum and order dated September 10, 1991, the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 These parties were substituted for original appellant, Thomas County National Bank