James S. BRODIE, Larry A. Butcher, and William A. Thompson, Plaintiffs–Appellants,

Travis Skaggs, Mike Phillips and Randy Dutton, Plaintiffs,

v.

GENERAL CHEMICAL CORPORATION, a Delaware corporation, Defendant–Appellee.

No. 94–8095.

United States Court of Appeals, Tenth Circuit.

April 21, 1997.

---

Vincent A. Cino of Jackson, Lewis, Schnitzler & Krupman (Pamela J. Moore with him on the briefs), Morristown, NJ, for appellees.

Before BRISCOE, COFFIN *, and BARRETT, Circuit Judges.

BARRETT, Senior Circuit Judge.

James S. Brodie (Brodie), Larry A. Butcher (Butcher), and William A. Thompson (Thompson) (collectively referred to as "appellants") appeal the jury verdict and judgment entered in favor of General Chemical Corporation (General Chemical) on their breach of contract claims.[1]

## Facts

Appellants held security guard/certified EMT positions with General Chemical at its soda ash mine in Green River, Wyoming. In 1986, when General Chemical took over the operations of Allied Chemical, the Employee Handbook and Standard Operating Procedures Manual (collectively "the handbooks"), which had been provided to Appellants earlier, were retained for plant operations. In May, 1991, both handbooks were revoked by General Chemical. General Chemical allegedly revoked the handbooks to remove any contended employment rights beyond "at-will" status. In 1993, General Chemical eliminated its entire security force, thus terminating Appellants, and contracted with an outside agency to provide security services.

On May 6, 1993, Appellants initiated this action against General Chemical asserting claims for breach of contract, promissory estoppel, and age discrimination based on their termination of employment.

On May 11, 1994, Appellants' case proceeded to trial. On June 22, 1994, the jury returned a verdict in favor of General Chemical on all of Appellants' claims.

On appeal, Appellants contend that Instruction No. 25 misstated the law on age motivated discharge and that Instruction No.

Walter Urbigkit, Cheyenne, WY, for appellants.

---

* The Honorable Frank M. Coffin, Senior United States Circuit Judge for the First Circuit, sitting by designation.

1. This appeal is the cross-appeal of No. 94–8094, *Brodie v. General Chemical Corp.*, 1996 WL 11838 (10th Cir.1996), in which General Chemical appealed the jury's verdict and judgment in favor of plaintiff Randy Dutton.

13 misstated the law of Wyoming on modifications of employment contracts.

■■■ We review the record to "determine whether the instruction states the governing law and provides the jury with ample understanding of the relevant issues and the applicable law." *Street v. Parham,* 929 F.2d 537, 539 (10th Cir.1991). "We do not determine whether instructions, on the whole, are flawless, 'but whether the jury was misled in any way and whether it had a understanding of the issues and its duty to decide those issues.'" *Phillips v. Duro–Last Roofing, Inc.,* 973 F.2d 869, 871 (10th Cir.1992) (citations omitted).

### A. Instruction No. 25

Appellants contend that the jury was misled by Instruction No. 25 as to the rights provided to employees by the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634, for protection from age motivated discharge. Appellants assert that a pure economic benefit to the employer resulting from discriminatory discharge of older, more senior, employees should not provide a carte blanche, instructionally stated, defense to their age discrimination claim.

■■■ Under the ADEA, it is unlawful for an employer to discharge any individual because of his or her age. *See* 29 U.S.C. § 623(a)(1). However, age must be the "determining factor" in the employer's challenged decision. *Jones v. Unisys Corp.,* 54 F.3d 624, 630 (10th Cir.1995). Therefore, "there is no disparate treatment under the ADEA when the factor motivating the employer is some feature other than the employee's age." *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 609, 113 S.Ct. 1701, 1705, 123 L.Ed.2d 338 (1993). "This is true even if the motivating fact is correlated with age, as pension status typically is." *Id.* at 611, 113 S.Ct. at 1706.

■■■ In *Hazen Paper,* the Court addressed whether an employer's interference with the vesting of pension benefits violated the ADEA. *Id.* at 608–14, 113 S.Ct. at 1705–08. The Court concluded that it did not "[b]ecause age and years of service are analytically distinct, an employer can take account of

one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily 'age-based.'" *Id.* at 611, 113 S.Ct. at 1707. Instruction No. 25 recites the Court's language in *Hazen Paper.* Therefore, we hold that it is a correct statement of the law which provided the jury with an ample understanding of the issue.

### B. Instruction No. 13

Appellants contend that Instruction No. 13 was erroneous in rejecting the requirement that an employer may validly modify or rescind an existent contract of employment only when additional consideration for the contract change is provided to the employees. Appellants argue that the district court misinterpreted and misapplied *Wilder v. Cody Country Chamber of Commerce,* 868 P.2d 211 (Wyo.1994), in instructing the jury that modification or recision of an employment contract is distinguishable from other contracts in that it is not necessary for the employer to tender consideration if the employer is justified in making the unilateral contract change or recision because it is "fair and equitable" in view of changed circumstances unanticipated when the contract was made.

■■■ As a federal court, sitting in diversity, the district court must ascertain and apply Wyoming substantive law with the objective that the result obtained in the federal court be the result that would be reached in a Wyoming court. *See Perlmutter v. United States Gypsum Co.,* 4 F.3d 864, 869 (10th Cir.1993) (applying Colorado law); *Koch v. Shell Oil Co.,* 52 F.3d 878, 880 (10th Cir.1995) (applying Kansas law). We review this state law determination *de novo. Perlmutter,* 4 F.3d at 869.

Instruction No. 13 provided:

General Chemical contends that the plaintiffs cannot rely on either the employee handbook or the standard operating procedures manual because they were revoked by General Chemical in May of 1991. If you find that the handbook and policy manual, and/or other statements by General Chemical constituted a contract of em-

ployment between General Chemical and the plaintiffs with terms that provided for termination only for cause, then you must determine whether General Chemical effectively modified the terms of the contract.

In general, a promise by an employer or an employee under an existing contract to do more or to take less than the contract requires is invalid unless the other party gives sufficient consideration. That is, the other party must give or promise to give something in return for the modification of the contract. *However, a modification of a contract may be enforced, even without consideration, if the modification is fair and equitable in view of circumstances not anticipated by the parties when the contract was made.* For example, changed economic conditions may render a modification to an employment contract valid, even if no additional consideration is given.

Accordingly, you must determine whether General Chemical gave the plaintiffs some additional consideration at the time of its alleged modification of the contract. I instruct you that the additional consideration may be slight, but cannot be a promise to do something that General Chemical was already bound to do. Moreover, if you find that General Chemical did not give additional consideration, then the attempted change may still be valid if you determine that the modification was fair and equitable in view of circumstances not anticipated when the contract was formed.

(Brief of Appellants, Appendix C; Appendix for Appellant [General Chemical], Vol. I at 124–25) (emphasis added).

In *Wilder*, the Wyoming Supreme Court spoke directly to the need for consideration when the employer unilaterally modifies a contract of employment. 868 P.2d 211. In *Wilder*, the Board of Directors of the Cody County Chamber of Commerce modified Wilder's oral, implied in fact, employment contract by a memorandum without providing

Wilder any additional consideration for the modification. *Id.* at 214–215. The Court concluded that the "traditional view recognizes that 'a promise by an employer or an employee under a subsisting contract to do more or take less than that contract requires is invalid unless the other party gives or promises to give something capable of serving as consideration.'" *Id.* at 219.

Appellants requested an instruction which complied with *Wilder*'s mandate that an employer could validly modify or rescind an existing contract of employment only when additional consideration for the contract change was provided to the employee. However, the district court overruled Appellants' objections to Instruction No. 13, stating:

> Well, I think this: I think the Wyoming Supreme Court really wrote something in that *Wilder* decision that shouldn't be the law and is a bad statement when they said there has got to be other consideration. I don't think that ought to be the law, and I'm not going to do it that way.
>
> It seems to me that the other decisions all say that you can revoke a handbook at any time. And I think that ought to be the law.
>
> \* \* \*
>
> I have got another instruction that I am going to give in lieu of that additional consideration thing.

(Brief of Appellants, Appendix C at 1007–08).

In *Brodie v. General Chemical Corp.*, 934 P.2d 1263 (Wyo.1997), the Wyoming Supreme Court clarified that the principle in *Wilder* that "a promise by an employer or an employee under a subsisting contract to do more or take less than that contract requires is invalid unless the other party gives or promises to give something capable of serving as consideration" applies in employee handbook contract cases.[2] The Court explained that in Wyoming, employee hand-

---

2. This question was certified to the Wyoming Supreme Court after two decisions of this court came to opposite results. *See Brodie v. General Chemical Corp.*, No. 94–8095, 1996 WL 11838, at *5–7 (10th Cir. Jan.12, 1996) (*Wilder* applies to employee handbook cases, therefore, consider-

ation is necessary to modify or rescind an employee handbook), *withdrawn*, 1996 WL 859351 (10th Cir. Jun.11, 1996); *McIlravy v. Kerr–McGee Corp.*, 74 F.3d 1017, 1024–25 (10th Cir.) (*Wilder* does not apply to employee handbook cases,

book/implied employment contract law arises from established contract law principles and that "it is well settled that an agreement altering a written contract, to be binding, must be based on consideration." *Id.* at 1267. The Court also held that continued employment would not suffice as consideration for modification of an employment contract. *Id.* at 1268.

In light of the Wyoming Supreme Court's decision in *Brodie*, it is clear that Instruction No. 13 was an incorrect statement of Wyoming law. We can only assume that the jury relied on and followed the instruction as given. Therefore, we conclude that the jury was misled.

■ Under Wyoming law, General Chemical was required to provide some form of consideration, beyond continued employment, in order to validly revoke the employment contract/handbooks. *Id.* In its motion for a judgment notwithstanding the verdict, General Chemical conceded that "[i]t is undisputed that [it] did not give anything, other than continued employment, to [Appellants] at the time it revoked the Handbook and SOP Manual." (Appendix for Appellant [General Chemical], Vol. I at 194). Therefore, because the jury found that Appellants each had a contract of employment with General Chemical based on the handbooks, *id.* at 181–84; Reply Brief for Appellant [General Chemical] at 22, General Chemical's attempt to modify or rescind Appellant's employment contract by revoking the employee handbooks in 1991 was invalid as a matter of law.

Accordingly, we must remand for a new trial on the issue of whether Appellants' termination was for cause in compliance with the provisions of their employment contract/handbooks, and, if it was not, for a determination of damages, if any.

### Conclusion

Accordingly, we **AFFIRM** the jury's verdict and judgment on Appellants' age discrimination claims; **REVERSE** the jury's verdict and judgment on Appellants' breach of contract claims, and **REMAND** for a new

therefore, no consideration was necessary), *with-*

trial on the issue of whether Appellants' termination was for cause in compliance with the provisions of their employment contract/handbooks, and, if it was not, for a determination of damages, if any.

**AFFIRMED IN PART, REVERSED IN PART** and **REMANDED**.

*drawn,* 98 F.3d 1255 (10th Cir.1996).