**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LELA COYLE,

    Plaintiff-Appellant,

v.

STATE FARM FIRE AND CASUALTY
COMPANY; STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendants-Appellees.

No. 96-7116
(D.C. No. CV-96-054-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL,** and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ms. Lela Coyle appeals the district court's October 8, 1996, Order granting summary judgment in favor of State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company (collectively "State Farm") and dismissing her claims.

On May 25, 1994, Ms. Coyle's daughter, Barbara Boteilho, was electrocuted in the motor home owned by Ms. Coyle and her husband, Mr. Sid Coyle, and insured by State Farm.[1]  Thereafter, State Farm hired Mr. Dave Hallman to investigate the incident.

On February 6, 1996, Ms. Coyle commenced this action against State Farm for damages in relation to State Farm's breach of its duty to fairly investigate the death of her daughter.[2]  Ms. Coyle alleged State Farm directed Mr. Hallman to

[1] It is undisputed State Farm Fire and Casualty Company insured the motor home under the Coyle's homeowners insurance policy.  However, it is unclear whether State Farm Mutual Automobile Insurance Company also insured the motor home.  For purposes of our disposition, it is not necessary to resolve this issue.

[2] In her June 20, 1996, amended complaint, Ms. Coyle added a claim for loss of consortium based on injuries suffered by Mr. Coyle as a result of Mr. Hallman's alleged alterations of the motor home.  However on appeal, Ms. Coyle does not challenge the district court's dismissal of her loss of consortium claim. Therefore, Ms. Coyle waived this issue. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

conduct the investigation in such a manner as to deprive her of her rights under the insurance policy.

On October 8, 1996, the district court granted State Farm's motion for summary judgment and dismissed Ms. Coyle's claim. The district court determined Ms. Coyle's claim was a claim for breach of implied duty of good faith and fair dealing brought as a third party claimant rather than a first party insured. The district court, therefore, concluded Ms. Coyle may not recover on her claim under Oklahoma law and dismissed the claim.

On appeal, Ms. Coyle contends the district court erred in determining she could not bring a bad faith claim against State Farm for an alleged breach of its duty to investigate. Ms. Coyle argues the district court erred in holding an insurer owes no duty of good faith and fair dealing to an insured when the insured asserts a claim against a co-insured or to a third party claimant.[3]

We review the district court's grant or denial of summary judgment *de*

---

[3] In its response, State Farm argues Ms. Coyle lacks standing to maintain a claim for the wrongful death of her daughter. However, we need not address this assertion in light of our disposition.

*novo*, applying the same standard used by the district court. *Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Because the district court's jurisdiction over this matter was based on diversity of citizenship, the district court must ascertain and apply the substantive law of the forum state, Oklahoma, with the objective of reaching the same result as that which would be reached in an Oklahoma court. *See Brodie v. General Chemical Corp.*, 112 F.3d 440, 442 (10th Cir. 1997); *May v. National Union Fire Ins. Co. of Pittsburgh*, 84 F.3d 1342, 1345 (10th Cir. 1996). We review the district court's determinations of Oklahoma law *de novo*. *Brodie*, 112 F.3d at 442; *May*, 84 F.3d at 1345.

After a thorough review of the record, we hold the district court properly applied Oklahoma law and agree with the district court's conclusion Ms. Coyle is a third party claimant not entitled to recover on her claim against State Farm. Under Oklahoma law, the duty of good faith and fair dealing arises from the contractual relationship between the insurer and the insured. *McWhirter v. Fire Ins. Exch., Inc.*, 878 P.2d 1056, 1058 (Okla. 1994). Inasmuch as Oklahoma does not recognize a duty for an insurance company to deal fairly and in good faith

with an injured third party, there can be no bad faith claim arising from a breach of this alleged duty. *Id*. at 1058-59. Although Ms. Coyle has a contractual relationship with State Farm through her homeowners policy, her complaint prays for damages as an injured third party. Her complaint claims "State Farm owed [her] a duty to fairly investigate the [death of her daughter] and pay her for any damages due to the liability of [her husband]." Therefore, although initially her claim portends to rests on State Farm's duty to one of its insureds, her alleged damages stem solely from the liability of her husband. While no Oklahoma case directly addresses whether an insurer owes a duty of good faith and fair dealing to an insured when the insured is acting as a third party claimant, we agree with the district court that "plaintiff mistakenly centers on the fact that she has a contract for insurance with State Farm Fire and thus may assert a claim with impunity regardless of the capacity in which Plaintiff makes the claim." The fortuitous fact that an insured person is making a liability claim against a policy of insurance under which that person is also an insured is not the factor that determines either the nature of the claim or the duty owed the claimant. To find a duty in this situation would be an improper expansion of Oklahoma law. Accordingly, we leave this decision to the Oklahoma courts.

Ms. Coyle's assertion the district court erred in holding an insurer owes no

duty of good faith and fair dealing to an insured when the insured asserts a claim against a co-insured misreads the district court's Order and is entirely without merit. First, as stated above, the district court dismissed her claim based on Oklahoma law that does not recognize a cause of action by a third party claimant against an insurer, not on any theory regarding litigation between co-insureds. Second, Ms. Coyle's claim was not brought against a co-insured, but rather against the insurer.

Accordingly, we affirm for the reasons stated and substantially for the reasons set forth in the district court's Order of October 8, 1996.

**AFFIRMED.**

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge