FILED
United States Court of Appeals
Tenth Circuit

December 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES K. CONKLETON,

      Petitioner–Appellant,

v.

KEVIN MILYARD, Warden, Sterling
Corr. Facility; ARISTEDES ZAVARAS,
Executive Director, Colo. Dept. Of
Corrections; and JOHN W. SUTHERS,
The Attorney General of the State of
Colorado,

      Respondents–Appellees.

No. 10-1257
(D.C. No. 1:08-CV-02096-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

James Conkleton, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

petition. We deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Conkleton was charged in El Paso County District Court with five felony counts of sexual assault on a child, based on the near daily rape of his stepdaughter over the course of two years. Pursuant to a plea agreement, Conkleton pled guilty to Count One, which charged that he sexually assaulted his stepdaughter during July 1997, when she was less than fifteen years of age. The plea bargain stipulated that the sentencing statutes that were in force on November 1, 1998, would apply and, therefore, the trial court amended Count One by interlineation at sentencing to reflect a date of December 1998. The prosecution agreed to dismiss the remaining counts, to dismiss a misdemeanor violation of a restraining order, and to forego charging Conkleton with additional counts of sexual assault against his biological daughter. The parties agreed that the sentence was to be open to the court and could range from twenty years' probation to life imprisonment. On March 19, 2001, the trial court sentenced Conkleton to an indeterminate sentence of ten years to life in the Colorado Department of Corrections.

On April 16, 2002, Conkleton filed a pro se post-conviction motion pursuant to Colo. R. Crim. P. 35(c), which the trial court denied, and he appealed. On June 10, 2004, the Colorado Court of Appeals remanded because the trial court had failed to make adequate findings concerning Conkleton's claims. See People v. Conkleton, No. 02CA1222 (Colo. App. June 10, 2004) (unpublished). On remand, the trial court held an evidentiary hearing and denied the motion in a written order dated May 17, 2005. Conkleton appealed and the Colorado Court of Appeals affirmed. See People v.

Conkleton, No. 05CA1377 (Colo. App. Dec. 6, 2007) (unpublished), cert. denied No.

08SC56 (Colo. Apr. 7, 2008).

On September 29, 2008, Conkleton filed a pro se 28 U.S.C. § 2254 petition in

Colorado federal district court. He raised three grounds for relief: (1) his counsel was

ineffective; (2) his due process rights were violated by the amendment of the charging

document; and (3) his expulsion from sex offender treatment for failure to admit his guilt

violated his Fifth Amendment rights.

The district court construed the ineffectiveness claim to contain six subparts:

(a) counsel failed to obtain a private investigator; (b) counsel failed to
explain the penalties as to each separate count, but rather spoke in terms of
positions of trust, the lifetime sentencing act, and pattern of abuse; (c)
counsel sent a letter to Conkleton setting out the indeterminate sentencing
consequences of counts one, two, three, and five, but failed to explain the
sentencing consequences of count four; (d) counsel failed to object to an
amendment of the information as to the date of the offense to which
Conkleton had agreed to plead guilty; (e) counsel did not present a
psychological expert at the sentencing hearing, and instead, used money
Conkleton had provided to retain this expert as part of counsel's fees; and
(f) counsel did not argue at sentencing that someone other than Conkleton
could have caused the pregnancy of Conkleton's daughter.

Conkleton v. Milyard, No. 08-cv-02096-BNB, 2009 WL 440929, at *2 (D. Colo. Feb. 17,

2009)(unpublished).

The district court dismissed several of Conkleton's claims for failure to exhaust.

Claims 1(b) and 1(c), however were denied on the merits; the district court concluded

that Conkleton had failed to meet the prejudice standard of Strickland v. Washington, 466

U.S. 688 (1984), as applied to guilty pleas by Hill v. Lockhart, 474 U.S. 52, 58 (1985).

- 3 -

Conkleton filed a timely application for a COA with this court. He appeals only the rejection of his ineffectiveness claims on the merits.

## II

Conkleton did not receive a COA from the district court, and he may not appeal the district court's decision unless we grant a COA. 28 U.S.C. § 2253(c)(1)(A). He may not obtain a COA for claims rejected on the merits unless he shows "that reasonable jurists could find the district court's assessment of the claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Conkleton contends: (1) that the state courts failed to apply the correct prejudice test to his ineffectiveness claims; (2) that he presented "objective evidence" of prejudice; and (3) that the state court's prejudice inquiry "should have focused on how counsel's deficient performance effected [sic] [his] right to make an informed decision, not on whether he would have prevailed at jury trial."[1]

Because Conkleton proceeds pro se, we construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, we do not "assume the role of advocate for the pro se litigant. The broad reading of the plaintiff's complaint does not

---

[1] Conkleton also attempts to incorporate by reference arguments made in his filings with the district court. Such incorporation by reference is disfavored under Tenth Circuit Rule 28.4. "If the defendant believes these arguments unworthy of separate presentation, then the court believes them unworthy of further consideration." Glad v. Thomas Cnty. Nat'l Bankshares Inc., No. 87-1299-C, 1991 WL 201186, at *4 (D. Kan. Sept. 10, 1991), aff'd, No. 91-3313, 1992 WL 314976 (10th Cir. Oct. 20, 1992) (unpublished).

relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberally construing his arguments on appeal, we determine that Conkleton seeks review of the district court's Strickland/Hill prejudice analysis.

"Claims of ineffective assistance of counsel raise mixed questions of law and fact" and are reviewed de novo, granting deference to underlying findings of fact. Miller v. Champion, 262 F.3d 1066, 1071 (10th Cir. 2001).

To prevail on his ineffective assistance of counsel claim, Conkleton bears the burden of proving that: (1) counsel failed to provide reasonably effective assistance because particular acts or omissions of counsel fell outside the wide range of reasonably competent assistance demanded of attorneys practicing criminal law; and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S.at 691-92. Pursuant to Hill, 474 U.S at 57, this test applies in the context of guilty pleas.

We do not reach the question of whether Conkleton's counsel was ineffective, because it is clear Conkleton suffered no prejudice. Cf. Strickland, 466 U.S. at 697.

> [A] prisoner challenging a guilty plea because of ineffective assistance satisfies the prejudice inquiry by showing that the constitutionally ineffective performance 'affected the outcome of the plea process. In other words . . . that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Miller, 262 F.3d at 1072 (quoting Hill, 474 U.S. at 59). Under Miller, in assessing "whether a petitioner would have changed his plea, and therefore whether he was

prejudiced," considerable weight is given to the strength of the prosecution's case. 262 F.3d at 1074.

For the reasons articulated by the district court, we find that Conkleton has failed to meet his burden of establishing a reasonable probability that, but for his counsel's alleged error he would not have pled guilty. Neither: (1) his counsel's failure to accurately explain the penalties as to each separate count, nor (2) his counsel's omission of the sentencing consequences of Count Four represents a but-for cause for Conkleton's guilty plea.

As found by the district court, as well as the state trial court and Court of Appeals, the record strongly supports the conclusion that Conkleton would have pled guilty even absent these alleged deficiencies by his counsel. The evidence against Conkleton on all five counts was extremely strong and included: (1) eyewitness testimony of the victim; (2) hotel and concert receipts documenting Conkleton's assignation with the victim; (3) a recording of phone calls between the victim and Conkleton; (4) the victim's ability to describe a peculiar feature of Conkleton's genitalia; and (5) the victim's pregnancy and subsequent abortion. Because the strength of the prosecution's case provides strong circumstantial evidence as to whether a defendant would have changed his plea—and was therefore prejudiced—the evidence against Conkleton strongly militates against a finding of prejudice. See Miller, 262 F.3d at 1074.

Conkleton's own testimony at the evidentiary hearing indicates that he believed the prosecution's case against him was strong. He testified that he agreed with his

counsel's assessment that the prosecution's evidence was sufficient to convict him on all charges. It is also clear from the record that Conkleton's primary objective was eligibility for probation or community correction and the avoidance of a prison sentence. Yet, given the likelihood of conviction on all counts, which would have resulted in a mandatory minimum prison sentence of ten years, the only means to achieve this outcome was to enter into a plea agreement with the government. And the only plea offer from the government carried lifetime supervision, including possible lifetime incarceration. When Conkleton entered into the plea agreement, prior to its amendment, he was fully aware that the agreement entailed the possibility that the judge might sentence him to probation, but might also sentence him to lifetime incarceration. Thus, because Conkleton's objective was avoidance of a prison sentence and by his own estimation he was likely to be convicted of all charges at trial and sentenced to a mandatory term of imprisonment, he opted for the plea agreement.

Conkleton has not shown a reasonable probability that his attorney's erroneous advice on the sentences attached to individual counts affected his decision to plead guilty and has therefore failed to establish that reasonable jurists would debate his claim of ineffective assistance of counsel. Cf. Slack, 529 U.S. at 484.

### III

For the forgoing reasons, we **DENY** a COA and **DISMISS** the appeal. Because Conkleton has not advanced a reasoned, non-frivolous argument on appeal, we also **DENY** his motion to proceed in forma pauperis. See DeBardeleben v. Quinlan, 937 F.2d

- 7 -

502, 505 (10th Cir. 1991).

Entered for the Court


Carlos F. Lucero
Circuit Judge